LOLLEY, J.
 

 |, Cynthia Denise Veal appeals a judgment by the First Judicial District Court for the Parish of Caddo, State of Louisiana, in favor of her ex-husband, Patrick Bouvier Veal, which judgment sustained his exception of no right of action and no cause of action. For the following reasons, we reverse the trial court’s judgment.
 

 Facts
 

 On June 27, 2008, Cynthia Veal filed her petition for divorce against Patrick Veal, seeking a divorce from him pursuant to La. C.C. art. 102. She also sought interim periodic spousal support and final periodic spousal support. Patrick, in turn, filed an answer and reconventional demand against Cynthia, requesting a divorce be granted pursuant to La. C.C. art. 103, claiming that the parties had no children and had been living separate and apart in excess of 180 days.
 

 The trial court signed the judgment of divorce on August 2, 2007, which judgment was retroactive until the date of demand, granting Patrick a divorce from Cynthia based on La. C.C. art. 108. The judgment also decreed that a one-half interest in any and all community property was to be reserved to the parties and that each party had “the right to pursue and defend against any additional incidental matters to his divorce, including but not limited to, spousal support.”
 

 Subsequently, on February 17, 2009, Patrick filed an exception of no right and no cause of action against Cynthia seeking to have her claims against him dismissed for abandonment pursuant to La. C.C.P. art. 3954. Cynthia’s attorney of record was not present at the hearing on the rule, and pthe trial court entered judgment in favor of Patrick dismissing Cynthia’s action against him-ineluding her claim for spousal support. Cynthia now appeals the trial court’s judgment.
 

 Discussion
 

 In her first assignment of error, Cynthia argues that the trial court erred in granting Patrick’s exception and dismissing her claim without allowing her an opportunity to argue in its opposition. The trial court convened twice on this matter. At the February 17, 2009 hearing, Cynthia’s attorney appeared and requested additional time in which to file a written response to Patrick’s exception. The trial court granted him until February 27th and Patrick’s attorney until March 13th to respond to the opposition. The parties returned to court on April 7, 2009. Although Cynthia was in attendance, her attorney was not. The trial court noted that Cynthia’s attorney had not filed the written opposition that he requested he be allowed to file. After waiting a short time for Cynthia’s attorney to appear, the trial court proceeded and heard the argument on Patrick’s behalf, ultimately ruling in his favor and dismissing all of Cynthia’s claims against Patrick.
 

 Cynthia had an opportunity to argue; however, her attorney failed to take it. In fact, Cynthia’s attorney not only failed to appear at the hearing on the rule, he also failed to file a brief in opposition to the exception. Despite his absence, we do not believe that had the trial court heard testimony from Cynthia, it would have served to change the outcome considering that the issues were legal and not of a factual nature. Cynthia’s testimony would [ shave added nothing to advance her position. We do not believe the trial court erred in this respect at all; thus, this particular assignment of error is without merit.
 

 In her second assignment of error, Cynthia argues, in general, that the trial
 
 *351
 
 court erred in ruling that her divorce petition was abandoned. Louisiana C.C.P. art. 8954 is clear that: “A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.” Here, however, the trial court overreached in its judgment, because it dismissed Cynthia’s suit against Patrick on
 
 all
 
 matters. We do not believe that Cynthia’s claim for incidental matters, i.e., spousal support, should have been dismissed, and the trial court’s judgment was in error.
 

 We find that Cynthia’s claim for spousal support, an incidental demand specifically listed in La. C.C. art. 105, remained viable for two reasons. First, La. C.C.P. art. 8954 specifically applies only to the claim for an art. 102 divorce. When Patrick obtained his judgment of divorce on August 2, 2007, Cynthia’s claim for an art. 102 divorce immediately was extinguished. The parties were divorced — there was no further relief to be given in connection with that specific claim. Thus, when the trial court considered Patrick’s exception, Cynthia’s claim for an art. 102 divorce could not be at issue. Her claim for divorce was moot. Moreover, because Cynthia’s claim for spousal support was an incidental matter defined by La. C.C. art. 105, La. C.C.P. art. 3954 was inapplicable to that particular claim.
 

 1 -tSecond, La. C.C. art. 105 gives a party the ability to make such claims for incidental matters “[i]n a proceeding for divorce
 
 or thereafter
 
 ...,” which indicates that such incidental matters are viable even after the divorce claim has been concluded. In this case, when Patrick’s divorce was granted, the trial court specifically reserved to each party “the right to pursue and defend against any additional incidental matters to this divorce, including, but not limited to, spousal support.” Therefore, even though the parties were divorced, Cynthia’s claim for spousal support was specifically reserved by the trial court in the ruling.
 
 [1]
 
 So considering, whereas the dismissal of the art. 102 divorce was not necessarily in error, the trial court erred in dismissing Cynthia’s claims for the incidental matters against Patrick that were included in her original petition against him.
 

 Conclusion
 

 For the foregoing reasons, the judgment in favor of Patrick Veal is reversed, and all costs of this appeal are assessed to him.
 

 REVERSED.
 

 [1]
 

 . The right to claim spousal support after a divorce is subject to a peremption of three years, which period begins to run from three events listed in La. C.C. art. 117.