JiHIGHTOWER, Judge
A husband appeals a divorce judgment and an award of past due alimony pendente lite rendered against him. Finding that the wife’s original petition had been abandoned, we reverse and set aside the divorce and also amend the alimony award by reducing the accrued sum due.

Facts and Procedural History

Beverly and Anthol Shewbridge separated on July 16, 1993, after more than five years of marriage. The estranged wife then moved to Winn Parish and, on December 22, 1993, instituted a divorce action pursuant to La. C.C. Art. 102.[1] Her petition additionally requested alimony pendente lite, which the trial court set at $600 per month on January 21, 1994. Subsequently, in an effort to move the' divorce forward on April 28, 1994, Anthol filed a “Rule to Show Cause Why Divorce Judgment Should Not Be Granted.” Defendant sought to withdraw that pleading, however, upon realizing that less than 180 days had passed since the January 11, 1994 service of the petition upon him. The court formally ordered dismissal of the rule on May 13,1994.
Nothing further transpired until February 14, 1996,[2] when Beverly filed an answer to her former husband’s 'previously dismissed rule, as well as a “cross-rule” to accrue past due alimony pendente lite. (Anthol failed to make any payments under the January 1994 judgment.) In response, defendant sought dismissal pursuant to La. C.C.P. Art. 3954 in that the divorce action been abandoned because more than two years had passed since service of the original petition. The lower court rejected Anthol’s position, reasoning that the husband’s April 1994 rule, though dismissed, “interrupt[ed] this abandonment action.” The ensuing judgment granted the divorce and made $16,800 in past due alimony pendente lite executory in favor of Beverly. Defendant appealed.

\%Discussion

A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that 180 days have elapsed from the service of the petition and that the spouses have lived separate and apart continuously for at least 180 days prior to the filing of the motion, which shall be a rule to show cause. La. C.C. Art. *420 102. When more than two years have passed after service of the petition and neither party has filed the rule to show cause, the divorce action is deemed abandoned even without formal order. La. C.C.P. Art 3954. In the case sub judice, appellant contends that his previously filed rule did not “interrupt” this two-year period and that the trial court thus erred in granting the divorce. We agree.
The 180-day waiting period, as specifically noted by Revision Comment (d) to La. C.C. Art. 102, cannot be waived. Thus, as conceded by the litigants, Anthol’s April 1994 rule to show cause came too soon. A prematurely filed pleading shall be dismissed. See La. C.C.P. Art. 933; Chachere v. Oratronics, Inc., 633 So.2d 353 (La.App. 1st Cir.1993). Here, the minutes reflect a proper dismissal of the husband’s premature rule for divorce on May 13, 1994. That pleading, having been filed prematurely, accordingly had no legal effect and did not affect, interrupt, or extend the two-year period afforded for the divorce action. Cf. Howard v. Hercules-Gallion Co., 417 So.2d 508 (La.App. 1st Cir.1982). Therefore, inasmuch as neither party filed a rule to show cause more than 180 days but less than two years after sendee of the petition, Beverly’s action for divorce became abandoned. La. C.C.P. Art. 3954; Parker v. Parker, 95-1373 (La.App. 3d Cir. 04/03/96), 671 So.2d 1143. Moreover, just as there can be no amendment of a dismissed petition, Riddle v. Simmons, 626 So.2d 811 (La.App. 2d Cir.1993), writ denied, 93-2920 (La.04/29/94), 637 So.2d 459, a litigant cannot answer a dismissed rule. Accordingly, we reverse the judgment of divorce granted below.
Appellant additionally argues that, upon abandonment of the divorce petition, Beverly’s entire claim for past due alimony pendente lite falls. We disagree. Once alimony pendente lite payments accrue, they become a vested property right. Hendershot _Jjv. Hendershot, 407 So.2d 93 (La.App. 2d Cir.1981); Hackett v. Hackett, 617 So.2d 1239 (La.App. 3d Cir.1993); Baranco v. Baranco, 452 So.2d 181 (La.App. 1st Cir.1984). Regardless of the equity possibly involved in reducing or forgiving past-due alimony, such a vested right cannot be disturbed until altered or amended by subsequent judgment or terminated by operation of law. Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978); Mertens v. Mertens, 308 So.2d 506 (La.App. 3d Cir.1975), writ denied, 313 So.2d 240 (La.1975).
In the present matter, Beverly’s right to alimony pendente lite began with the January 21, 1994 judgment ordering her husband to make such payments. This right continued during the two-year pendency of the divorce action, that is, from service of the original petition until deemed abandoned by the operative provisions of La. C.C.P. Art. 3954. At that latter point, however, the award became terminated as to any further payments. Cf. DeVillier v. DeVillier, 543 So.2d 1142 (La.App. 1st Cir.1989) (determining that alimony pendente lite terminated upon the reconciliation of the parties, but that amounts accrued through the date of reconciliation had not been waived and would remain extant and enforceable). Nor are we persuaded by Anthol’s argument that his wife’s silence regarding his lack of payment constitutes a renunciation of alimony. There is no duty imposed upon one spouse to make periodic demands on the other to keep an alimony judgment enforceable. Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir.1977).

Conclusion

Accordingly, for the foregoing reasons, the judgment of divorce is reversed and the award of past due alimony pendente lite is reduced to $14,200, reflecting those amounts not paid from January 21, 1994 to January 11, 1996. Costs of this appeal are assessed equally between the parties.
REVERSED IN PART; AMENDED AND AFFIRMED IN PART.

. Although not specifically citing La. C.C. Art. 102, Beverly's petition alleged facts disclosing this to be the type of divorce sought. Clearly, the requisite delays had not passed for the institution of an action under La. C.C. Art. 103(1).

. In his brief, appellant mentions non-record facts about settlement negotiations during this time in which his wife promised not to pursue the alimony claim.