KUHN, J.,
dissenting.
| Louisiana Code of Civil Procedure article 561(A)(1), setting forth the general rule of abandonment, provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.[1] According to the applicable version of La. C.C. art. 102, a divorce shall be granted upon a motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of a written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition. Louisiana Code of Civil Procedure article 3954 provides that a divorce action under | ¡^Article 102 is abandoned if the rule to show cause provided by Article 102 is not filed within two years of the service of the original petition for divorce.
It is undisputed that on July 6, 1992, Mrs. Sharp obtained a signed order for alimony pendente lite in conjunction with her petition for an Article 102 divorce. The parties never obtained a divorce. Instead, their marriage terminated when Mr. Sharp died on May 19, 2004, a little over a month before Mrs. Sharp filed her claim for arrearages for alimony pendente lite against her deceased husband’s estate. The majority reasons that because Mr. Sharp filed a rule to show cause within two years of the service of the petition for an Article 102 divorce, the matter was not abandoned under an application of Article 3954. The majority recognizes that “there is no evidence ... of any further action [having been] taken in furtherance of obtaining a judgment of divorce.” But here *424 it ends its inquiry as to an abandonment of the action for divorce, apparently holding that once a party has filed a rule to show cause, the Article 102 divorce action is incapable of ever being abandoned, regardless of whether the motion resulted in a judgment of divorce.[2] I disagree.
To properly address the question of abandonment in a situation where a rule to show cause has been filed within two years of the filing of a petition for an Article 102 divorce but a judgment of divorce has not issued as a result, Article 3954 must be read in pari materia with Article 561. Nothing in Article 561 purports to usurp the special rule of abandonment set forth in Article 3954, and since the requirements of Article 3954 have been met, no one quarrels with the conclusion that the divorce action was not ^abandoned pursuant to that article. However, subsequent to the filing of the Article 102 rule to show cause, it is undisputed that the parties failed to take any step in the prosecution or defense of the divorce action for a period in excess of five years. Hence, the Article 102 action for divorce was abandoned in accordance with the provisions of Article 561 on December 22, 1997, five years from the date the Article 102 rule to show cause was filed. Once the divorce action was deemed abandoned by the self-operative provision of Article 561(A)(2) and no longer pending, Mrs. Sharp’s ancillary order for continued alimony pendente lite also fell. This is because, as the majority correctly points out, alimony pendente lite literally means alimony pending the litigation. Once the action of divorce was deemed abandoned under Article 561, Mrs. Sharp’s entitlement to future alimony pen-dente lite terminated by operation of law. See Shewbridge v. Shewbridge, 28,981, p. 3 (La.App. 2d Cir.12/11/96), 685 So.2d 418, 420. Because, as the majority correctly states, Mrs. Sharp is only entitled to ar-rearages from June 16, 1999, her claim for alimony pendente lite from June 1, 1992 through December 22, 1997 is prescribed.
For these reasons, I believe the trial court correctly dismissed Mrs. Sharp’s claim for arrearages against Mr. Sharp’s estate. Accordingly, I dissent.

. By La. Acts 1997, No. 1221, § 1, the legislature reduced the period for abandonment in La. C.C.P. art. 561 from five years to three years. Since Mrs. Sharp filed her petition for divorce on May 13, 1992, the five-year abandonment period of Article 561, applicable at the time of her filing, had already elapsed prior to July 1, 1998, the effective date of the legislative amendment. Thus, for purposes of this appeal, we reference the five-year time period.

. The majority’s holding breathes into Article 3954 an implicit corollaiy proposition suggesting that once a rule to show cause has been filed, the Article 102 action can never be abandoned. Application of this corollary turns a blind eye to the parties’ failure to comport with the substantive requisites of Article 102 in this case. No divorce was granted. And no proof was offered or relied upon by the trial court.