PEATROSS, J.
 

 | tin this divorce action, Plaintiff, Mr. David Mark Pylant, filed an Art. 103 Petition for Divorce and determination of child support and custody against Defendant, Tammy McMaster Pylant. Ms. Pylant filed an Exception of No Cause of Action asserting that Mr. Pylant had failed to show a material change of circumstances warranting a modification of custody and support as was set forth in a consent judgment signed by the parties in February 2006.
 

 The trial judge sustained the exception, ordered Mr. Pylant to amend his petition by alleging that a material change in circumstances had occurred warranting a modification of custody and consolidated Mr. Pylant’s current divorce action with the divorce action that had been filed by Ms. Pylant in October 2005. Rather than curing his petition by alleging that a change of circumstances had occurred, Mr. Pylant allowed the 30-day time limitation for curing the petition to elapse, after which his claims were dismissed pursuant to La. C.C.P. art. 934. The judgment dismissing Mr. Pylant’s claims was considered final and, thus, subject to review by this court on appeal.
 

 Ms. Pylant filed an exception of
 
 res judi-cata
 
 alleging therein that Mr. Pylant’s appeal should be dismissed. This court, however, allowed the appeal to proceed and referred the exception of no cause of action to the merits of the appeal. Mr. Pylant now appeals the final judgment of the district court dismissing his claims for divorce, child custody and support. For the reasons stated herein, we affirm the judgment of the trial court.
 

 UFACTS AND PROCEDURAL HISTORY
 

 Mr. Pylant and Ms. Pylant physically separated in September 2005. Ms. Pylant filed an Art. 102 petition for divorce and determination of incidental matters in October 2005.
 
 See
 
 La. C.C. art. 102. In February 2006, the parties signed a consent judgment wherein they agreed to share joint custody of the children with Ms. Pylant being named the domiciliary parent. The consent judgment was also subject to the provisions of a joint custody implementation plan which was attached to the judgment. Ms. Pylant failed to file for a final divorce under the Art. 102 petition and the action was deemed abandoned after two years, ie., October 2007.
 
 See
 
 La. C.C.P. art. 3954.
 

 In February 2009, Mr. Pylant filed an Art. 103 petition for divorce against Ms. Pylant in which he requested custody of the two minor children and child support.
 
 *1284
 

 See
 
 La. C.C. art. 103. Mr. Pylant acknowledged in his petition that the children had resided primarily with Ms. Py-lant, but alleged that she had not properly supervised the children.
 

 In response to Mr. Pylant’s Art. 103 petition for divorce, Ms. Pylant filed a peremptory exception of no cause of action wherein she alleged that the February 2006 consent judgment was valid and enforceable; and, thus, Mr. Pylant was required to allege a material change in circumstances in his divorce action in order to modify custody.
 

 As previously stated herein, the trial court sustained the exception and ordered Mr. Pylant to amend his petition to assert that a material change in circumstances had occurred warranting a modification of custody. Rather |sthan curing his petition, however, to allege a change in circumstances, Mr. Pylant allowed the 30-day time limit to cure the petition to elapse and then filed the instant appeal with this court. Ms. Pylant filed an exception of
 
 res judicata
 
 requesting that Mr. Pylant’s appeal be dismissed, but this court allowed the appeal to proceed thereby referring Ms. Pylant’s exception of no cause of action to the merits of the appeal.
 

 DISCUSSION
 

 In his first assignment of error, Mr. Pylant argues that the trial court erred in sustaining Ms. Pylant’s peremptory exception of no cause of action. In her exception Ms. Pylant asserted that Mr. Pylant failed to state a cause of action in his petition because he did not allege a material change in circumstances warranting a modification of custody.
 

 The peremptory exception of no cause of action is a procedural device used to test the legal sufficiency of the petition. The exception of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted.
 
 Adams v. Adams,
 
 39,-424 (La.App.2d Cir.4/6/05), 899 So.2d 726;
 
 Fleet Fuel, Inc. v. Mynex, Inc.,
 
 38,696 (La.App.2d Cir.6/23/04), 877 So.2d 234;
 
 Long v. Long,
 
 28,763 (La.App.2d Cir.12/11/96), 684 So.2d 1099,
 
 writ denied,
 
 97-0096 (La.3/7/97), 690 So.2d 20. In the present case, whether the law affords a remedy depends in part on whether the February 2006 consent judgment is considered valid and enforceable. With regard to decisions of law, a trial court’s ruling is subject to
 
 de novo
 
 review.
 
 Hall v. Folger Coffee Co.,
 
 03-1734 (La.4/14/04), 874 So.2d 90.
 

 bin the case
 
 sub judice,
 
 Mr. Pylant argues that, when Ms. Pylant abandoned her Art. 102 action for divorce, her claims for child support and custody within the Art. 102 petition were also abandoned; and, therefore, the February 2006 consent judgment between the parties is no longer considered valid and enforceable. From this perspective, Mr. Pylant asserts that he is not required to allege a material change in circumstances warranting a modification of custody since the original consent judgment between the parties is no longer valid. Mr. Pylant contends that, on this basis, his claims for custody and support in the 2009 divorce petition should be considered as the original action to establish custody, rather than to modify. Mr. Pylant further asserts that the Louisiana Supreme Court’s holding in
 
 Lewis v. Lewis,
 
 404 So.2d 1230 (La.1981), which states that a judgment of child support has a legally independent basis, was displaced by the Louisiana legislature’s enactment of Act No. 1009, which became effective on January 1,1991. We disagree.
 

 The Louisiana Supreme Court explained in
 
 Lewis, supra,
 
 that “[t]he obligation on the part of the parent to support the child
 
 *1285
 
 does not arise from the marriage but from the fact of paternity.”
 
 See also
 
 La. C.C. art. 227. The
 
 Lewis
 
 court further explained, “the judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree which terminates with the dissolution of the marriage.”
 
 Lewis, supra.
 

 In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation or support of a minor child.
 
 See
 
 La. |fiC.C. art. 105. The court shall award custody of a child in accordance with the best interest of the child.
 
 See
 
 La. C.C. art. 131. Comment (e) to La. C.C. art. 131 states:
 

 (e) An action to fix custody brought in a court of this state may form the basis for a plea of lis pendens in relation to another such action instituted in the same or a different court between the same parties for custody of the same child. The fact that one of the claims is associated with a divorce action does not change this result, because custody actions are now treated as independent causes of action, and not merely as matters ancillary to divorce actions. (Citations omitted; emphasis added).
 

 In
 
 Trettin v. Trettin,
 
 37,260 (La.App.2d Cir.3/17/03), 839 So.2d 1272, we examined the effect of the enactment of La. Act No. 1009 with regard to the previously established codal articles regulating custody proceedings in relation to divorce actions:
 

 Prior to the 1990 changes in our law concerning the dissolution of marriage, provisional custody, or custody of the child during the pendency of divorce or separation proceedings, was specifically provided for in our law.
 
 See former
 
 La. C.C. arts. 146 and 157, and Acts 1990, No. 1009. Nevertheless, the right to an ordinary appeal of such provisional custody ruling was not available under La. C.C.P. art. 2083, since it was not considered an interlocutory judgment causing irreparable injury.
 
 McCarstle v. McCarstle,
 
 521 So.2d 551 (La.App. 1st Cir.1988). There was no irreparable harm from a procedural standpoint because the hearing for a final judgment of “permanent” custody would soon follow, in which the merits of the custody dispute would be fully decided and stability in the child’s environment would result.
 
 Loeb v. Shanton,
 
 168 La. 874, 123 So. 604 (1929).
 

 Following the 1990 changes ending the former provisional custody, the award of custody, whether “in a proceeding for divorce or thereafter,” is simply a judgment of custody. La. C.C. art. 131. Such judgment is provisional only in the sense that custody may be altered later, after material changes in circumstances occur, as illustrated in cases such as
 
 Evans v. Lungrin,
 
 97-0541 (La.2/6/98), 708 So.2d 731 and
 
 Bergeron v. Bergeron,
 
 492 So.2d 1193 (La.1986). The award is therefore a final judgment. It is governed substantively under La. C.C. art. 131, which enunciates the best interest of the child test, and procedurally under La. C.C. art. 2592(8), which provides for trial by summary process.
 

 The 1990 changes in the statutory law regarding custody do not, as Mr. Pylant suggests, abrogate the Louisiana Supreme Court’s holding in
 
 Lewis, supra,
 
 that a judgment awarding support for a child has a legally independent basis.
 
 See
 
 La. Act No. 1009; comment (e);
 
 Trettin, supra.
 
 Accordingly, the February 2006 consent judgment between the parties signed by Mr. and Ms. Pylant is a legally independent, valid and enforceable judgment, which survived the abandonment of Ms. Pylant’s 2005 divorce action. As a result, Mr. Pylant was required in his divorce petition to allege that a material change in
 
 *1286
 
 circumstances had occurred warranting a modification of custody. Since Mr. Pylant did not do so, the trial court did not err in sustaining Ms. Pylant’s exception of no cause of action.
 

 In Mr. Pylant’s second assignment of error, he contends that the trial court committed manifest error in ordering him to amend his divorce petition to allege that a matei'ial change in circumstances had occurred warranting a modification of custody. Again, we disagree.
 

 As previously stated herein, the original consent judgment signed by the parties in February 2006 remained valid and enforceable when Mr. Pylant filed his petition for divorce in 2009 in which he made claims for custody and support of the minor children. Where the original custody decree is a stipulated judgment such as the one in this case, the party [7seeking modification must prove: (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child.
 
 See Evans v. Lungrin,
 
 97-0541 (La.2/6/98), 708 So.2d 731.
 

 In his petition for divorce, Mr. Pylant failed to allege that a material change in circumstances had occurred warranting a modification of custody from the 2006 consent judgment. Mr. Pylant also failed to allege that a modification of custody would serve the best interests of the children. Accordingly, the trial judge did not err when he ordered Mr. Pylant to amend his petition to cure the defect.
 

 Mr. Pylant argues in the alternative that he did allege a material change in circumstances in his divorce petition because he stated that Ms. Pylant had not “properly supervised the minor children.” This statement, however, is nothing more than a factual conclusion. In order for Mr. Pylant to state a cause of action that he was entitled to a modification of the previous child custody and support judgment, he was required to allege facts that established a material change in circumstances and, further, that the proposed modification would be in the best interests of the children.
 
 See Young v. Knapp,
 
 05-0269 (La.4/29/05), 900 So.2d 839;
 
 Baker v. LSU Health Sciences Center Institute of Professional Educ.,
 
 39,200 (La.App.2d Cir.12/15/04), 889 So.2d 1178;
 
 Evans, supra.
 
 Mr. Pylant’s petition does not make allegations sufficient to meet this burden.
 
 Young, supra; Baker, supra; Evans, supra.
 

 |sAs a final matter, Mr. Pylant contends that the trial court erroneously consolidated his Art. 103 petition for divorce with Ms. Pylant’s 2005 action for divorce because, under La. C.C.P. art. 1561, consolidation of actions is only permitted among pending actions. Given our discussion regarding the validity of the 2006 consent judgment stemming from the 2005 divorce action, we pretermit any discussion regarding the trial judge’s consolidation of Mr. and Ms. Pylant’s divorce actions in this case.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to David Mark Pylant.
 

 AFFIRMED.