McClendon, j.
 

 | pin this appeal, a former spouse appeals the judgment of the trial court that found a consent judgment to be a valid contract of support between the parties. We affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 Roxanne F. Horrigan and Roy Patrick Horrigan, Jr. were married on May 7, 1996, and thereafter established their matrimonial domicile in St. Tammany Parish. Five children were born of the marriage and Mr. Horrigan also adopted Ms. Horri-gan’s oldest child. On July 24, 2003, Ms. Horrigan filed a Petition for Divorce, Custody, Support and Incidental Matters in the 22nd Judicial District Court. Mr. Hor-rigan filed an answer through counsel on September 4, 2003.
 

 Thereafter, on September 7, 2004, the parties filed into the record a Motion and Consent Judgment as to Custody, Support and Visitation and Property Settlement.
 
 [1]
 
 Pertinent to this matter was the provision that Mr. Horrigan would pay Ms. Horri-gan $1,500.00 a month “as spousal support to commence August 1, 2004 and to continue through August 1, 2014, unless sooner terminated by death or remarriage of
 
 *113
 
 ‘Roxanne.’ ”
 
 [2]
 
 The motion was signed by both parties individually “after careful review” and approved as to content and form, and the consent judgment was signed by the trial court on September 10, 2004.
 

 No further action was taken in this matter until June 25, 2008, when Ms. Horrigan filed a Rule for Contempt, alleging that Mr. Horrigan had not made a spousal support payment since the last week of February 2008, notwithstanding the terms of the 2004 consent judgment. Thereafter, on October 8, 2008, the trial court rendered judgment on the contempt rule in favor of Ms. Horrigan for arrearages, attorney fees, and court costs. The court further ordered Mr. |sHorrigan to immediately resume spousal support payments as set forth in the prior judgment and ordered that all prior judgments and orders of the court remain in full force and effect.
 

 On October 23, 2008, Mr. Horrigan filed a Motion to Set Aside Judgment and/or Annul Judgment or in the Alternative, Motion and Order for New Trial, regarding the October 8, 2008 judgment, asserting insufficient service of process. He further alleged that the spousal support award in the September 10, 2004 judgment expired by operation of law. Specifically, Mr. Hor-rigan asserted that because the divorce petition filed pursuant to LSA-C.C. art. 102 did not conclude with the filing of a rule to show cause within two years of the service of the original petition as required by LSA-C.C.P. art. 3954, the suit and all incidental issues, including the consent judgment, were abandoned. Mr. Horrigan also maintained that jurisdiction and venue of the parties was in Lafourche Parish in connection with the divorce action he filed on January 22, 2008, and that the issue of spousal support was pending therein.
 
 [3]
 
 Attached to said motion was copy of the judgment of divorce between Mr. Horrigan and Ms. Horrigan granted pursuant to LSA-C.C. art. 103(1) on May 8, 2008 in the Lafourche Parish proceeding.
 

 On February 17, 2009, the trial court set aside the October 8, 2008 judgment on the rule for contempt due to insufficient service of process on Mr. Horrigan and granted the motion for new trial. Thereafter, following a hearing on September 29, 2009, the trial court ruled that although the divorce action filed in St. Tammany Parish was abandoned, the parties entered into a valid and binding contract of support. Further, the court determined that the contract was by a consent judgment and not a considered decree, and, therefore, as a contract, it did not fall with the case. Therefore, the trial court concluded that Mr. Horrigan owed support to Ms. Horri-gan as provided in the 2004 consent 1 ¿judgment. Judgment to that effect was signed on December 21, 2009, and Mr. Horrigan appealed.
 

 DISCUSSION
 

 In his appeal, Mr. Horrigan makes several arguments. He contends that the trial court improperly concluded that the support clause in the 2004 consent judgment was a valid contract. He asserts that because the divorce action in this
 
 *114
 
 matter was abandoned, the consent judgment pertaining to spousal support was abandoned as well. Mr. Horrigan also asserts that the support clause in the 2004 consent judgment was a modification of the matrimonial regime, which required court approval. According to Mr. Horri-gan, because the trial court did not make a finding that the agreement was in the parties’ best interest, it is a relative nullity. Lastly, Mr. Horrigan makes the argument that he was “unclear as to his responsibilities” regarding the 2004 consent judgment, which he signed without representation by counsel, until he was advised by his present counsel in February 2008, at which time he ceased making any further support payments. He argues that payments made by him until that time were not entirely voluntary and, therefore, cannot be considered tacit confirmation of the agreement, because he believed that there was a valid court judgment rendered against him. Mr. Horrigan contends that because he was unrepresented when he entered into the contract, he never fully understood the nature of the consent judgment.
 

 Louisiana Code of Civil Procedure Article 3954 A specifically provides that a divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.
 
 [4]
 
 It is not disputed that the divorce action in this matter under LSA-C.C. hart. 102 was abandoned and that the parties were divorced in Lafourche Parish pursuant to LSA-C.C. art. 103.
 

 Initially, we recognize that the judgment in this matter was not merely a judicial decree. Rather, it was a consent judgment reached by the parties. Spouses are now free to contract with each other before or during a marriage as to all matters that are not prohibited by public policy, and the incapacities based on marital status have been removed.
 
 See
 
 LSA-C.C. Art. 2329, Revision Comment (a).
 

 A consent judgment is a bilateral contract between the parties by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss.
 
 Hebert v. Drewitz,
 
 09-0798, p. 3 (LaApp. 1 Cir. 10/27/09) 29 So.3d 607, 608.
 
 See also
 
 LSA-C.C. art. 3071. A consent judgment, as opposed to other final judgments rendered against a party without their consent, may be annulled or rescinded for an error of fact or of the principal cause of the agreement.
 
 Stroscher v. Stroscher,
 
 01-2769, p. 5 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 524.
 
 See also
 
 LSA-C.C. arts. 3082 and 1948,
 
 et seq.
 
 Further, interpretation of a consent judgment, i.e., a contract between parties, is a determination of the common intent of the parties, and when the words of the contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. LSA-C.C. art. 2045;
 
 Richardson v. Richardson,
 
 02-2415, p. 4 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 84-85.
 

 
 *115
 
 Thus, in the case
 
 sub judice,
 
 the binding force of the contract is from the parties’ acquiescence, rather than from the court’s judgment. Accordingly, unless there is some error of fact or of the principal cause of the agreement, it may not be annulled or rescinded.
 

 Consent to a contract may be vitiated by error, fraud, or duress. LSA-C.C. art. 1948. Error vitiates consent only when it concerns a cause without which | athe obligation would not have been incurred and that cause was known or should have been known to the other party. LSA-C.C. art. 1949. Error may concern a cause when it bears on the thing that is the contractual object or a substantial quality of that thing. LSA-C.C. art. 1950. Cause is defined as the reason why a party obligates himself. LSA-C.C. art. 1967.
 

 Prior to the signing of the consent judgment, Mr. Horrigan abandoned the matrimonial domicile. At the time he signed the agreement, Mr. Horrigan undoubtedly recognized his continuing obligation to provide financial assistance to his spouse with whom he was no longer living, as well as the potential of a future award of interim and possibly final spousal support.
 
 [5]
 
 Thus, he agreed to provide pre-divorce and post-divorce support, as the agreement provided for spousal support for ten years unless sooner terminated by the death or remarriage of Ms. Horrigan.
 

 Clearly, there was no error as to the principal cause of the contract. The parties had a meeting of the minds, and consent was freely given. Mr. Horrigan entered into a bilateral contract, the principal cause of which was to provide support to Ms. Horrigan during the estrangement and after the divorce, which divorce was ultimately granted, without any reconciliation having occurred.
 
 [6]
 
 However, Mr. Horrigan argues that he did not comprehend what he was signing. The contract before us is not ambiguous or complicated. Further, there is no evidence of any impairment at the time of the signing of the consent judgment. A court cannot relieve an able party of an obligation which he freely and voluntarily entered into absent evidence of a vice of consent.
 
 See Gray v. Gray,
 
 |737,884, p. 3 (La.App. 2 Cir. 12/12/03), 862 So.2d 1097. Mr. Horrigan has not shown error sufficient to vitiate his consent.
 
 [7]
 

 Furthermore, we disagree with Mr. Horrigan’s argument that the judgment was abandoned when the time limits set forth in LSA-C.C.P. art. 3954 A expired.
 
 [8]
 
 Once the consent judgment was signed by the trial court within the two-year period set forth in LSA-C.C.P. art. 3954 A, the ancillary issues were no longer pending, but were reduced to judgment.
 

 We additionally note that even had this not been a consent judgment, a judgment, whether it results from the assent of the parties or is the result of a judicial deter-
 
 *116
 
 initiation after a trial on the merits, is and should be accorded sanctity under the law.
 
 Plaquemines Parish Government v. Getty Oil Co.,
 
 95-2452, p. 6 (La.5/21/96), 673 So.2d 1002.
 

 The law affords a party several means in which to attack a judgment. A party may sue to have the judgment declared a nullity for vices in either form or substance. LSA-C.C.P. art. 2001,
 
 et seq.
 
 Under Article 2002 a final judgment shall be annulled if it is rendered against an incompetent person not properly represented as required by law, against a defendant who has not been properly served with process and who has not entered a general appearance, or against whom a valid judgment by default has not been taken, or by a court which does not have proper jurisdiction over the subject matter of the litigation. In an action for nullity, the specific requirements of article 2002 must be met.
 
 Cheramie v. Vegas,
 
 468 So.2d 810, 813 (La.App. 1 Cir.1985). The only ground arguably applicable in this case under LSA-C.C.P. art. 2002 is the third one regarding the lack of subject matter jurisdiction. However, the consent judgment was signed by the court on September 10, 2004, well within the two-[year8 time limitation of LSA-C.C.P. art. 3954. Hence, none of the grounds set forth in LSA-C.C.P. art. 2002 are present.
 

 A final judgment may also be annulled if obtained through fraud or ill practices. LSA-C.C.P. art. 2004. However, Mr. Hor-rigan has made no allegations of fraud or ill practices. Mr. Horrigan has not filed a petition to annul the judgment and appears to be improperly attacking it collaterally.
 

 Nor do we find merit to Mr. Horrigan’s argument that the support clause in the 2004 consent judgment was a modification of the parties’ matrimonial regime requiring court approval pursuant to LSA-C.C. art. 2329. The agreement between them was never intended to modify or terminate the matrimonial regime.
 
 See
 
 LSA-C.C. art. 2328.
 
 [9]
 

 The September 10, 2004 consent judgment satisfied the elements of a valid and binding contractual agreement voluntarily entered into by the parties. It is also a valid judgment maintaining the effect of the law between the parties. Accordingly, we find that the judgment of the trial court is correct, and we affirm that judgment.
 

 CONCLUSION
 

 For the above and foregoing reasons, the December 21, 2009 judgment of the trial court is affirmed. Costs of this appeal are assessed to Roy Patrick Horrigan.
 

 AFFIRMED.
 

 [1]
 

 . The motion indicated that Ms. Horrigan was represented by counsel and that Mr. Horrigan was in proper person.
 

 [2]
 

 . The consent judgment also provided for custody, visitation, and child support. Additionally, it provided that " ‘Roy’ will quitclaim any and all interest he has or may have in the property/family home ... to 'Roxanne', and will execute all necessary documentation to facilitate the same within sixty (60) days of the signing of this document.”
 

 [3]
 

 . This is the matter entitled
 
 Roy Patrick Horrigan, Jr. v. Roxanne Francis Horrigan,
 
 Docket Number 108413 of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.
 

 [4]
 

 . Louisiana Civil Code Article 102 provides:
 

 Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.
 

 The motion shall be a rule to show cause filed after all such delays have elapsed.
 

 [5]
 

 . Married persons owe each other fidelity, support, and assistance. LSA-C.C. art. 98.
 
 See also
 
 LSA-C.C, arts. 113 (regarding interim spousal support allowance pending final support award) and 112 (regarding determination of final periodic support).
 

 [6]
 

 .
 
 Clearly, the cause of the contract was not limited to a pending LSA-C.C. art. 102 rule for divorce, but rather was in an anticipation of the parties obtaining a judgment of divorce.
 

 [7]
 

 . Because we find a valid and binding contract, we need not address Ms. Horrigan’s arguments that based on prior payments made under the agreement, Mr. Horrigan is estopped from contesting the validity of the agreement or that he confirmed the agreement.
 

 [8]
 

 . LSA-C.C.P. art. 3954 specifically applies only to the claim for a divorce under LSA-C.C. art. 102.
 
 See Veal v. Veal,
 
 45,100 (La.App. 2 Cir. 3/3/10), 32 So.3d 349.
 

 [9]
 

 . Louisiana Civil Code Article 2328 provides:
 

 A matrimonial agreement is a contract establishing a regime of separation of property or modifying or terminating the legal regime. Spouses are free to establish by matrimonial agreement a regime of separation of property or modify the legal regime as provided by law. The provisions of the legal regime that have not been excluded or modified by agreement retain their force and effect.