JAMES F. McKAY III, Chief Judge.
| Regina E. Wiles (“Mrs. Wiles”) appeals the August 17, 2015 judgment wherein the trial court denied her motion for new trial and upheld the April 8, 2015 judgment, which granted an exception of no cause of action in favor of Stephen W. Wiles (“Mr. Wiles”). For the reasons set forth below, *398 wé reverse the judgment of the trial court and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
In June 2010, Mrs. Wiles filed a petition for divorce pursuant to La. C.C. art. 102. Mr. Wiles was served with the petition on September 15, 2010. A consent judgment, wherein Mr. Wiles agreed to pay child support for the parties’ minor child, was executed and signed by the court in October 2010. A motion and rule for divorce was never filed. Therefore, pursuant to La. C;C.P. art. 3954, the divorce proceedings were abandoned by operation of law on September 16, 2012, two years after service of the petition.
In February 2015, Mrs. Wiles filed a rule for past-due child support and contempt, asserting that Mr. Wiles stopped making his child support payments in No-, vember 2012.[1] In response, Mr. Wiles filed an exception of no cause of action, | ¡.arguing that the consent judgment relied upon by Mrs. Wiles was abandoned when the divorce action became abandoned in September 2012, and/or when the parties temporarily reconciled sometime after the abandonment of the divorce action.[2]
The matter was brought before the trial court on April 1, 2015. Judgment was rendered on April 8, 2015, granting Mr. Wiles’ exception of no causé of action. The trial court dismissed Mrs. Wiles’ action stating that “the petition for divorce was abandoned, and as a result1 of the petition being abandoned, that all ancillary maters were also abandoned.” Mrs. Wiles’ motion for new trial was thereafter denied on August 17, 2015. This timely appeal followed.
LAW AND ANALYSIS

Procedural Issue:

At the outset, we note that Mr. Wiles asserts that the issues for consideration in this appeal should be limited. Specifically, Mr. Wiles argues that Mrs. Wiles’ order for appeal only specifies the August 17, 2015 judgment denying her motion for new trial, and thus, this Court’s review should be limited to that single issue. We disagree.
It is well established that the denial of a motion for new trial is an interlocutory and non-appealable judgment. Habitat, Inc. v. Commons Condominiums, L.L.C., 11-1384, p. 6 (La.App. 4 Cir. 7/11/12), 97 So.3d 1126, 1131. However, our courts have consistently considered an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when, as here, it is clear from the appellant’s brief that the intent is to appeal the merits of the case. See, Clotworthy v. Scaglione, 11-1733, p. 3 (La.App. 4 Cir. 5/23/12), 95 So.3d 518, 520; Lozier v. Estate of Elmer, 10-0754, p. 4 (La.App. 5 Cir. 2/15/11), 64 So.3d 237, 239; McKee v. Wal-Mart, Stores, Inc., 06-1672, p, 8 (La. App. 1 Cir. 6/8/07), 964. So.2d 1008, 1013.
In this case, it is obvious from Mrs. Wiles’ motion for appeal and from her appellate brief that, she intended to appeal the April 8, 2015 judgment on the merits, which granted Mr. Wiles’ exception of no cause of action. Accordingly, we will consider the appeal from the judgment on the merits.

Exception of No Cause of Action

“Exceptions of no cause of action present legal questions, and are reviewed *399 under the de novo standard of review.” Phillips v. Gibbs, 10-0175, p. 3 (La.App. 4 Cir. 5/21/10), 39 So.3d 795, 797 (citing Tuban Petroleum, L.L.C. v. SIARC, Inc., 09-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522). As the Supreme Court explained in Foti v. Holliday, 09-0093, pp. 5-6 (La.10/30/09), 27 So.3d 813, 817,
The-peremptory exception of no cause of action is designed'to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. La. C.C.P. arts. 681 and 927; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al., 616 So.2d 1234, 1235 (La.1993). All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court, La. C.C.P. art. 865; Kuebler v. Martin, 578 So.2d 113, 114 (La,1991). The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Ramey v. DeCaire, 09-1299, p. 7 (La,3/19/04), 869 So.2d 114,119.
Mr. . Wiles filed the exception of no cause of action asserting that the consent judgment, which included a child support award, terminated when the divorce action was abandoned by operation of law pursuant to La. C.C.P. art. 3954 and/or with the reconciliation of the parties.
La. C.C.P. art. 3954 provides:
A. A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article, is not | 4filed within two years of the service of the original petition or execution of written waiver of service of the original petition. . -
B. This provision shall be operative without formal order; but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment.-
It is undisputed that Mrs. Wiles’ divorce action was abandoned by operation of law under La. C.C.P, art.; 3954. The question before us is whether the child support obligation, set forth in the consent judgment, terminated with the-.abandonment of the divorce action.
In support of his argument, Mr." Wiles cites Shewbridge v. Shewbridge, 28,981 (La.App. 2 Cir. 12/11/96), 685 So.2d 418. In Shewbridge, the wife filed a petition for divorce pursuant to La. C.C. art. 102 on December 22, 1993 and requested alimony pendente lite, which the trial 'court set at $600 per month on January 21, 1994. No further action was taken by the wife until February 1996, when the wife filed a rule for past due alimony pendente lite. The husband sought dismissal of the divorce based upon abandonment pursuant to La. C.C.P. art. 3954, and argued that because the divorce petition was abandoned, the wife’s entire claim for past due alimony must fail. The Court accepted that argument, in part, finding:
Once alimony pendente lite payments accrue, they become a vested property right. Regardless of the equity involved in reducing or forgiving past-due alimony, such a vested right cannot, be disturbed until altered or amended by subsequent judgment or terminated by operation of law.— Beverly’s right to alimony, pendente lite began with the January 2Í, 1994 judgment ... [and] continued during the two-year pendency of the divorce action, that is, from service of the original petition until deemed abandoned by the operative provisions of La. C.C.P. Art. 3954.
Shewbridge, 28,981, pp. 2-3, 685 So.2d at 420 (citations omitted).
*400 The court in Shewbridge determined that the judgment for alimony pendente lite terminated by operation of law with the abandonment of the divorce. | ^However, we find Shewbridge to be factually distinguishable from the case sub judi-es. Shewbridge involved a court ordered award of alimony pendente lite, hot a consent judgment between the parties for child support. The purpose of alimony pendent lite, unlike child support, is to provide interim spousal support pending a judgment of divorce. See La. C.C. art. 113. It follows, therefore, that such an award would terminate upon the abandonment of the divorce action. Child support, on the other hand, is not necessarily dependent on the divorce action. As the Court explained in State, Dept. of Children and Family Service ex rel. A.L. v. Lowrie, 14-1025, p. 7 (La.5/5/15), 167 So.3d 573, 579:
What obliges parents to nourish and rear their children is the fact of maternity or paternity. The obligation of support exists even outside of marriage and in favor of illegitimate children. The parent’s duty of support and upbringing is a legal duty owed to the child. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989) (citing 1 M. Planiol, Civil Law Treatise, Pt. 2, §§ 1681-86).
More applicable to the case before us, is Pylant v. Pylant, 45,378 (La.App. 2 Cir. 6/23/10), 41 So.3d 1282. Mrs. Pylant filed an article 102 divorce in October 2005. In February 2006, the parties signed a consent judgment as to custody. Thereafter, Mrs. Pylant failed to file for a final divorce within two years, and 'the divorce action was abandoned in October 2007 pursuant to La. C.C.P. art. 3954.
In February 2009, Mr. Pylant filed an article 103 petition for divorce in which he requested custody and child support. In response, Mrs. Pylant filed a peremptory exception of no cause of action wherein she alleged that the February 2006 consent judgment was still valid and enforceable. Thus, Mr. Pylant was required to allege a material change in circumstances in his divorce action in order to modify custody. The trial court sustained the exception and ordered Mr. Pylant to amend his petition to assert a change in circumstances.
[fiOn appeal, Mr. Pylant argued that when Mrs. Pylant abandoned her article 102 divorce, her claims for child support and custody within the divorce petition were also abandoned; and, therefore, the February 2006 consent judgment was no longer valid and enforceable. Mr. Pylant further asserted that the Louisiana Supreme Court’s holding in Lewis v. Lewis, 404 So.2d 1230, 1234 (La.1981), which states that a judgment of child support has a legally independent basis, was displaced by the Louisiana legislature’s enactment of Act No. 1009, which became effective on January 1, 1991. The court disagreed, stating:
The Louisiana Supreme Court explained in Lewis, supra, that “[t]he obligation on the part of 'the parent to support the child does not arise from the marriage but from the fact of paternity.” See also La. C.C. art. 227. The Lewis court further explained, “the judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree which terminates with the dissolution of the marriage.” Lewis, supra.
Pylant, 45,378, p. 4, 41 So.3d at 1284-5.
In Horrigan v. Horrigan, 10-1377 (La. App. 1 Cir. 6/14/11), 70 So.3d 111, Mrs. Horrigan filed a petition for an article 102 divorce in July 2003. The parties later entered- into a consent judgment wherein Mr. Horrigan agreed to pay monthly spousal support to commence August 1, 2004 and to continue through August 1, *401 2014, unless sooner terminated by the death or remarriage of Mrs. Horrigan. In June 2008, Mrs. Horrigan filed a rule for contempt against Mr. Horrigan for failing to make the spousal support payments. In response, Mr. Horrigan asserted, among other things, that because the divorce petition did not conclude with the filing of a rule to show cause within two years of the service of the original petition as required by La. C.C.P. art. 3954, the suit and all incidental issues, including the consent judgment, were abandoned.
|7The trial court ruled that although the divorce action was abandoned, the parties entered into a valid and binding contract of support. Further, the court determined that the contract was by a consent judgment and not a considered decree, and, therefore, as a contract, it did not fall with the case. Horrigan, 10-1377, p. 3, 70 So.3d at 113.
The appellate court affirmed, rejecting Mr. Horrigan’s argument that the consent judgment was abandoned when the time limits set forth in La. C.C.P. art. 3954 expired, finding that once the consent judgment was signed by the trial court within the two-year period set forth in article 3954, the ancillary issues were no longer pending, but were reduced to judgment. Id., p. 7, 70 So.3d at 115.
In the present case, it is undisputed that the October 2010 -consent judgment, obligating Mr. Wiles to pay child support, was rendered before the divorce action was abandoned pursuant to article 3954. It is also undisputed that the child support obligation set forth in the consent judgment was never modified.
After examining the facts of this case in light of the jurisprudence cited herein, we find that the consent judgment remained valid and enforceable even though Mrs. Wiles’ divorce action was abandoned by operation of law. Thus, Mrs. Wiles has a cause of action for past due child support. Whether Mrs. Wiles can meet her burden to show an arrearage, is an issue to be resolved at trial.
DECREE
For the foregoing reasons, we find that the trial court erred in granting Mr. Wiles’ exception of no cause of action and in denying Mrs. Wiles’ motion for new trial. Accordingly, we reverse and remand for further proceedings.
REVERSED AND REMANDED

. Mrs.- Wiles acknowledges that Mr. Wiles was current in his payments through November 2012.

. We note that there is no evidence in the record regarding a reconciliation of the parties.