SUNSET HARBOUR, LLC     *     NO. 2022-CA-0572

VERSUS     *

HOWARD ANTHONY BROWN     *     COURT OF APPEAL

    FOURTH CIRCUIT

    * 

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01623, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Nakisha Ervin-Knott)


Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130


      COUNSEL FOR PLAINTIFF/APPELLEE


Kevin C. Schoenberger
LAW OFFICE OF KEVIN C. SCHOENBERGER
P.O. Box 15169
New Orleans, LA 70175


      COUNSEL FOR DEFENDANT/APPELLANT


        **AFFIRMED**
        **JANUARY 9, 2023**

*TGC*
*RML*
*NEK*

Howard Brown (hereinafter "Mr. Brown") seeks review of the trial court's April 20, 2022 judgment granting Sunset Harbour, LLC's (hereinafter "Sunset Harbour") motion for summary judgment and the May 31, 2022 judgment summarily denying Mr. Brown's motion for new trial. After consideration of the record before this Court, and the applicable law, we affirm both judgments of the trial court.

**Facts and Procedural History**

On May 1, 2008, Mr. Brown purchased property located at 4711 Marque Drive in New Orleans ("the property"). When Mr. Brown failed to pay the property taxes in 2016, the City of New Orleans initiated a tax sale of the property. Multiple pre-tax sale notices were mailed to Mr. Brown at 4711 Marque Drive. In November of 2016, "Civic Source," on behalf of the City of New Orleans, called Mr. Brown to inform him of the delinquent taxes on the property.[1] In March of 2017, "Civic Source" contacted Mr. Brown and informed him once again of the delinquent taxes.

---

[1] Civic Source is a third-party entity that provides services to the City of New Orleans regarding the collection of delinquent property taxes.

1

On April 11, 2017, Nebraska Alliance Realty Company acquired 100% interest in the property by tax sale title. A tax sale certificate was issued listing tax bill number: 39W944011 and property description: DONA VILLA SQ 5 LOT 102 MARQUE 60X95 BR & FR SGLE 10/RM A/R. The tax sale was recorded on June 12, 2017, and provided that the tax debtor had three years to redeem the property. On August 3, 2017, the City of New Orleans mailed Mr. Brown a post-tax sale notice at 4711 Marque Drive. The letter notified Mr. Brown that the property had been sold for non-payment of taxes and that he had three years from June 12, 2017 to redeem the property.

On January 29, 2021, Nebraska Alliance Realty Company filed a "transfer of tax sale interest" transferring its interest in the property to Sunset Harbour. On February 23, 2021, Sunset Harbour filed a petition to quiet tax title and for declaratory relief seeking to convert its interest in the property to full ownership. Mr. Brown, *pro se*, answered and opposed the petition to quiet title.[2] On January 14, 2022, Sunset Harbour filed a motion for summary judgment asserting that it made a *prima facie* showing that it was entitled to confirm and quiet title of the property and thus, no genuine issues of material fact exist as to the ownership of the property. In support of its motion, Sunset Harbour attached: (1) affidavit of Nathaniel Phillips on behalf of Sunset Harbour; (2) affidavit of Ann Marie Sledge on behalf of the City of New Orleans; (3) transfer of tax sale interest; (4) recordation of tax sale; (5) tax sale certificate; and (6) pre and post-tax sale notices. Mr. Brown opposed the motion for summary judgment, maintaining that the

---

[2] Mr. Brown did not obtain counsel until after the summary judgment proceedings. Counsel filed a motion to enroll on April 18, 2022.

transfer of the property was improper and that he did not receive adequate notice of the tax sale.

A hearing on Sunset Harbour's motion for summary judgment was held on April 8, 2022. By judgment dated April 20, 2022, the trial court (1) granted Sunset Harbour's motion for summary judgment; (2) confirmed and quieted title to the property in favor of Sunset Harbour recognizing it as owner of 100% of the property; (3) prohibited Mr. Brown, or his heirs, from asserting any interest in the property; (4) found that Mr. Brown was provided adequate notice of the tax sale; and (5) placed Sunset Harbour in possession of the property. Mr. Brown subsequently filed a motion for new trial arguing that good ground exists for a new trial because he was not previously represented by counsel and could not properly respond to Sunset Harbour's claims. The trial court summarily denied the motion for new trial on May 31, 2022 finding that no good cause exists to justify a new trial. This appeal followed.

## Assignment of Error

In his sole assignment of error, Mr. Brown asserts the trial court erred in granting Sunset Harbour's motion for summary judgment because he was a *pro se* litigant and raised constitutional arguments that were not considered. Mr. Brown also contends that the trial court erred in denying his motion for new trial.

Although Mr. Brown's motion for appeal only seeks review of the May 31, 2022 judgment denying his motion for new trial, this Court has "consistently considered an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when…it is clear from the appellant's brief that the intent is to appeal the merits of the case." *Wiles v. Wiles*, 2015-1302, p. 2 (La.App. 4 Cir. 5/18/16), 193 So.3d 397, 398. A review of Mr. Brown's brief establishes that he

3

seeks review of the trial court's rulings on both the motion for summary judgment and the motion for new trial. Accordingly, we begin our analysis by considering the trial court's judgment on the motion for summary judgment.

### Summary Judgment

An appellate court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. In *Chatelain*, this Court set forth the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff[']s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citation omitted).

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… ." La. C.C.P. art. 966(A)(2). The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Duboue v. CBS Outdoor, Inc.*,

4

2008-0715, p. 2 (La.App. 4 Cir. 10/1/08), 996 So.2d 561, 562. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 1993-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.,* 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81 (quoting *Mandina, Inc., v. O'Brien,* 2013-0085, p. 9 (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 104). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, pursuant to La. C.C.P. art 966:

> the burden of producing evidence at the hearing on the motion for summary judgment [is] on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39. If the adverse party fails to set forth specific facts demonstrating a genuine

5

issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

## Tax Sale Notice

Mr. Brown argues that he did not receive proper notice of the tax sale and thus, the tax sale is invalid pursuant to La. Const. art. VII, § 25(A)(1). While Mr. Brown does not brief this issue, a review of the record demonstrates that in his opposition to the motion for summary judgment Mr. Brown presented this argument to the trial court.[3] As jurisprudence has held a tax sale cannot be nullified for issues with pre-tax sale notice thus the germane issue relates to post-tax sale notice and whether a genuine issue of material fact exists. *Cmty. Associates, Inc. v. Taylor*, 2019-0242, p. 7 (La.App. 4 Cir. 7/31/19), ___So.3d___, 2019 WL 3470941, *4 (citations omitted).

Jurisprudence has long established that deprivation of property requires notice and the opportunity for the case to be heard. *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 8 (La. 6/27/17), 225 So.3d 441, 447. The United States Supreme Court recognized that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). If the name and address of the

---

[3] We acknowledge that assignments of error and issues for review must be briefed and that an appellate court may consider as abandoned any assigned error or issue for review that has not been briefed. Uniform Rules, Courts of Appeal, 2-12.4(B)(4); *See Yokum v. Funky 544 Rhythm & Blues Café*, 2016-1142, p. 12, n. 3 (La.App. 4 Cir. 5/23/18), 248 So.3d 723, 735. However, we note that this act is discretionary and find that lack of proper notice has been properly raised and that it is in the best interest of judicial efficiency to address the issue. *See Harrah's Bossier City Inv. Co., LLC v. Bridges*, 2009-1916, p. 19 (La. 5/11/10), 41 So.3d 438, 41.

interested party is reasonably ascertainable, notice by mail is a constitutional precondition to a matter affecting the property interest of a party. *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

While Mr. Brown asserts that his property cannot constitutionally be sold for non-payment of taxes, he fails to completely consider the pertinent part of La. Const. art. VII, § 25. It provides that "[t]here shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due." La. Const. art. VII, § 25(A)(1). Thus, as authorized by the Louisiana Constitution, it is within the purview of the City of New Orleans to allow the sale of property for non-payment of taxes.

The authority to nullify the tax sale of property for insufficient notice dates back to the turn of the century. *See Adsit v. Park*, 144 La. 934, 940, 81 So. 430, 432 (1919) (observing that "[n]otice is a constitutional requirement, and whenever notice is due…the want of notice is fatal to the tax sale."). La. R.S. 47:2286 outlines three types of nullity challenges to a tax sale: payment nullity, redemption nullity and nullity under La. R.S. 47:2162. A redemption nullity is applicable in the case *sub judice*, and is "the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." La. R.S. 47:2122(10). "'Duly notified' means…that an effort meeting the requirements of due process of law has been made to identify; and to provide that person with a notice that meets the requirements of La. R.S. 47:2156…or with service of a petition and citation in accordance with La. R.S. 47:2266… ." La. R.S. 47:2122(4).

7

At the time of the tax sale La. R.S. 47:2156(B) provided, in pertinent part:[4]

(1) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, each collector shall within thirty days of the filing of the tax sale certificate, or as soon as practical thereafter, provide written notice to the following persons that tax sale title to the property has been sold at tax sale. The notice shall be sent by postage prepaid United States mail to each tax notice party… .

(2) The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed… .

Mr. Brown asserts that the post-tax sale notice was insufficient because it fails to include any information pertaining to the transfer of the tax sale interest from Nebraska Alliance Realty Company to Sunset Harbour or his right to redeem the property within six months of the date of service. We find this argument unpersuasive. On August 3, 2017, the City of New Orleans mailed Mr. Brown a post-tax sale notice by first-class, pre-paid U.S. postage to 4711 Marque Drive. It included notice of the sale of the property for 2016 delinquent taxes and listed the tax bill number 39W944011. It also notified Mr. Brown of his right to redeem the property within three years of the filing of the tax sale, or no later than June 12, 2020. The notification letter left a contact number for questions and an address and email address of a person whom Mr. Brown could contact to redeem the property.[5] The post-tax sale notice was mailed on August 3, 2017, more than six months

---

[4] La. R.S. 47:2156(B)(1) was amended on June 19, 2019.

[5] We note that the post-tax sale notice does not state the amount of taxes due as set forth in La. R.S. 47:2156. However, as previously determined by this Court "it is clear from the language in the statute and the 2008 comments that La. R.S. 47:2156(B)(2) is directory in nature and provides a safe harbor for compliance with the statutory mandates. Moreover, there is no penalty provided for failure to comply with the directives set forth in La. R.S. 47:2156 because it is not fatal to the legal sufficiency of the notice." *Stow-Serge v. Side by Side Redevelopment, Inc.*, 2020-0015, p. 8 (La.App. 4 Cir. 6/10/20), 302 So.3d 71, 78 *writ denied*, 2020-00870 (La. 10/14/20), 302 So.3d 1120; *See In re Precept Credit Opportunities Fund, L.P.*, 2021-0428, p. 7 (La.App. 4 Cir. 1/19/22) ___So.3d___, 2022 WL 178603 *4, *writ denied*, 2022-00341 (La. 5/10/22), 337 So.3d 910.

8

before the expiration of the redemptive period. We find the post-tax sale notice duly notified Mr. Brown of the tax sale and the redemptive period. Additionally, Mr. Brown was contacted, by phone, on two separate occasions regarding the delinquent taxes and tax sale of the property. Thus, as notice of the tax sale was sufficient, no genuine issue of material fact exists as to validity of the tax sale. Accordingly, the trial court did not err in granting summary judgment.

## Motion for New Trial

Mr. Brown asserts that the trial court erred in denying his motion for new trial because good ground exists for a new trial. Specifically, Mr. Brown maintains that the trial court should not have disposed of the matter through summary proceedings because he was a *pro se* litigant and did not fully understand the nuances of a tax sale. This Court reviews a ruling on a motion for new trial under an abuse of discretion standard of review. *Jouve v. State Farm Fire & Cas. Co.*, 2010-1522, p. 15 (La.App. 4 Cir. 8/17/11), 74 So.3d 220, 229. In its written reasons, the trial court noted that Mr. Brown failed to present any peremptory grounds for a new trial pursuant to La. C.C.P. art. 1972 or demonstrated good ground for a new trial.[6] The trial court noted that failure to retain counsel is not good ground for a motion for new trial. We agree.

La. C.C.P. art. 1973 states that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." "If the party

_____

[6] La. C.C.P art. 1972 provides:

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

seeking a new trial provides an absolute defense or a contention of ill-practice, then good grounds for a new trial exist." *Johnson v. Sotomayor*, 2021-0460, p. 10 (La.App. 4 Cir. 2/2/22), \_\_\_So.3d\_\_\_, 2022 WL 305318 *5, *writ denied*, 2022-00495 (La. 6/8/22), 338 So.3d 1199. The record does not reflect that Mr. Brown ever articulated to the trial court that he desired to retain counsel or complained of proceeding *pro se*. "We recognize that *pro se* plaintiffs should generally be given more latitude than plaintiffs represented by counsel because they lack formal training in the law and rules of procedure." *In re Med. Review Panel Claim of Scott*, 2016-0145, pp. 14-15 (La.App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058 (citation omitted). In the interest of justice, this Court has reviewed the merits of the case. Accordingly, the trial court did not abuse its discretion in denying the motion for new trial.

## Decree

For the foregoing reasons, the April 20, 2022 and May 31, 2022 judgments of the trial court are affirmed.

**AFFIRMED**