COVINGTON, Chief Judge.
This appeal arises out of a dispute over a provisional custody order incident to a suit for separation between the parties. The defendant father appeals the order of the trial court awarding custody of the only child of the marriage, Adrian Barrett, to the plaintiff mother pending litigation. Because we find that the order of the trial court was not subject to appeal, we dismiss.
The record reflects that provisional custody of the child, who was eight years of age at the time of the hearing, was granted originally to the father, who requested same when he filed an answer and reconventional demand for separation. The mother’s suit for separation did not include a request for provisional custody due to an omission by her first attorney. The testimony of the mother at the hearing below established that she has had primary care of the child since he was born while the father spent the majority of the time since their marriage working out of the country. She further testified that the only reason the father was able to assert that he had physical custody of the child when he requested the order of provisional custody was because she allowed the father to take the child for a visit after the parties physically separated, ^tnd that the child was not returned to her 'as promised.
The mother also testified that the defendant mentally and physically abused her. The trial judge accepted the mother’s testimony as true; additionally, because the trial judge believed that the child was in great danger based on the mother's testimony of abuse, the trial judge changed the provisional custody order to give custody to the mother. The trial judge rendered her judgment as to the change in provisional custody before the defendant had his opportunity to cross-examine the plaintiff, to testify on his own behalf, or to call his own witnesses. However, the hearing was scheduled to continue for further testimony 15 days later. Before the hearing could resume, the defendant father applied for supervisory writs regarding the change in provisional custody, and when this attempt was unsuccessful, he brought this appeal.
LSA-C.C. Article 146, entitled “Custody of children pending the litigation,” speaks to this situation:
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded ... according to the best interest of the children_ [Emphasis ours]
Clearly the order herein is within the purview of Article 146; being a provisional order, it is not an appealable one under LSA-C.C.P. art. 2083.[1] There is no basis of support for defendant’s claim that this was a partial final judgment when the record clearly reflects that the proceedings were continuing; further testimony was scheduled for 15 days later. Indeed, by defendant’s own actions, the provisional custody order in favor of plaintiff has been extended for a longer period than it would otherwise have existed, due to the delay incident to this appeal.
This appeal is dismissed at defendant’s costs. We are unable to impose penalties for frivolous appeal since the plaintiff-appellee did not answer the appeal to request same.
APPEAL DISMISSED.

. LSA-C.C.P. art. 2083 states:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.