978 So.2d 1252 (2008)
Linda COUTEE, Plaintiff,
v.
Adrian HILL, et al, Defendants.
No. 43,292-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 2008.
Brenda F. Ford, Shreveport, for Defendant-Appellants, Willie J. Hill and Shirley Hill.
Richard Z. Johnson, Jr., Baton Rouge, for Plaintiff-Appellee, Linda Coutee.
W. Charles Brown, for Defendant-Appellee, Adrian Hill.
Before BROWN, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
After the mother's death, the great aunt of the decedent's daughter sued for custody of the 8-year-old child. The child's father was an absentee, and plaintiff petitioned for a curator ad hoc to represent *1253 him. After a brief hearing at which only plaintiff appeared, the trial court awarded temporary custody of the child to the plaintiff. Three days after the notice of judgment was filed, the paternal grandparents petitioned to nullify the temporary custody order, asserting they received no notice of the initial hearing, and had exercised physical custody of the child both after the mother's death and when the child was younger. The trial court refused to nullify its prior ruling for temporary custody. Because we find that the trial court's rulings are not subject to appeal pursuant to La. C.C.P. art.2083,[1] we dismiss the grandparents' appeal.

Facts and Procedural History
Valerie L. Owens ("Owens"), the mother of T.K.O. (the now 9-year-old child), died from natural causes after a three month illness on August 21, 2007. Immediately prior to her death, Owens and her minor children, including T.K.O.,[2] resided with Owens's maternal aunt, Linda Coutee ("Coutee"). The child's father, Adrian M. Hill, resided in Dallas but his parents (T.K.O.'s paternal grandparents), Willie J. Hill and Shirley Hill (the "Hills"), lived in the same town as Owens and her family. Adrian Hill attended Owens's funeral and at some point, exercised physical custody of T.K.O. along with his parents. In their allegations in this case, the Hills also claim prior periodic custody of T.K.O. when she was between 8 months and 4 years of age, and thereafter, on weekends until Owens became ill.
Coutee filed this petition for custody on September 4, 2007, naming Adrian Hill as the defendant. Her petition alleged that he resided in Texas and requested a curator be appointed to notify him of the proceeding. Coutee prayed for domiciliary custody of T.K.O. based on the children's residing with her during Owens's last illness, and Owens's reputed desire that her children remain with Coutee to be raised together. The petition stated that Adrian Hill paid child support and visited T.K.O. sporadically. Coutee's petition made no mention of the Hills' relationship with T.K.O. but described the contest as only between herself and Adrian Hill.
On September 5, 2007, the trial court signed an order setting the initial custody hearing for October 16, 2007, and appointed a curator ad hoc. The trial court indicated on the order that "temporary custody was denied," supporting the inference that T.K.O. was not in Coutee's custody at that time.
At the October 16, 2007 hearing, at which only Coutee appeared, the trial court questioned her about Adrian Hill's contact with T.K.O. Coutee testified that before dying on August 21, 2007, Owens had been ill since May, and that Adrian Hill attended Owens's funeral. Coutee testified that T.K.O.'s father had not had any contact with T.K.O. since Owens's funeral. The trial court left the record open for information concerning service returns and answers by the curator, and later that day, signed a judgment awarding Coutee temporary custody of T.K.O. pending a hearing on the matter. The judgment further ordered that counsel for the parties set the hearing date on the issue of permanent custody.
Three days later, on October 25, 2007, the Hills moved to set aside the judgment, alleging that Coutee's custody was obtained by withholding information about *1254 their status as custodians and through the help of the local police. The Hills' motion also requested that T.K.O.'s custody be returned to them. The motion included a "Provisional Custody by Mandate" executed by Adrian Hill in favor of his parents on September 10, 2007, which alleged that the child resided at the same address as the grandparents, and invested them with the authority provided under the applicable law dealing with custody by mandate.[3]
The court-appointed curator filed an answer in the proceeding on behalf of Adrian Hill on October 26, 2007. The answer made a general denial of Coutee's allegations.
The Hills' motion was heard on November 13, 2007. The trial court was notified by counsel for Coutee that Adrian Hill was presently incarcerated. The trial court then questioned counsel for Coutee and the Hills as follows:
THE COURT The question we have is this, at the time a curator was appointed, they did not know where he was. Is that right?
MR. JOHNSON That is correct, Your Honor.
MS. FORD That is alleged in the proceedings but that is not correct.
THE COURT Okay. What evidence do you have that they knew where this person was and was the person out of state even if they knew where he was? Is he in Dallas?
MS. FORD The person was out of state. However, the parent . . .
THE COURT So the appointment of the curator and service on the curator was valid. Is that correct?
MS. FORD That is correct.
THE COURT Motion to set aside the judgment is denied. You need to use the proper procedural vehicle.
On November 15, 2007, the Hills obtained an order of appeal for the October 16, 2007 judgment and the trial court's November 13, 2007 denial of their motion.

Discussion
This is a private custody matter initially instituted by a nonparent against the father of the child. The initial custody disposition in favor of the nonparent was made in the form of an interim order for "temporary custody," pending trial for the award of permanent custody. Claiming rights as grandparents and through their son, the child's father, the Hills have effectively intervened in this action seeking to annul the temporary custody award.
The award of custody of a child is made in accordance with the best interest of the child. La. C.C. art. 131. The various parties in this matter, the father, the grandparents, and the great aunt, may all seek custody in this case. Parental primacy for custody, of course, forms the foundation for any custodial claim by Adrian Hill. Nevertheless, Civil Code Article 133 addresses the award of custody in favor of a nonparent when a custody award to either parent would result in substantial harm to the child. See Hill v. Hill, 602 So.2d 287 (La.App. 2d Cir.1992). Additionally, the Hills, as grandparents, have standing for seeking visitation from the implications of various Louisiana statutes and for custody pursuant to Article 133. La. R.S. 9:344; La. C.C. art. 256(B); McCoy v. Brock, 41,948 (La.App.2d Cir.2/28/07), 953 So.2d 885.
*1255 Regardless of the potential rights of all the parties to assert custody for T.K.O., the trial court was correct in overruling the Hills' motion to set aside the temporary custody arrangement and in referring them to the "proper procedural vehicle" for the determination of custody.
Custody proceedings are summary proceedings conducted with rapidity, within the delays allowed by the court. La. C.C.P. arts. 2591 and 2592(8). The custody judgment on the rule to show cause used for the summary process becomes a final custody judgment pursuant to La. C.C. arts. 131 and 133, and La. C.C.P. art. 2592(8). See Trettin v. Trettin, 37,260 (La. App.2d Cir.3/17/03), 839 So.2d 1272. On the other hand, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. Pursuant to La. C.C.P. art.2083, an interim interlocutory order regarding temporary custody would only be appealable through the ordinary appeal process if it caused irreparable injury. The jurisprudence holds that such provisional custody award which is made pending a full trial on the merits does not cause irreparable injury.[4] The recourse of the party who objects to such interim order is to seek an immediate trial of his rule for custody. Trettin v. Trettin, supra.
Our ruling in Trettin v. Trettin, supra, involved the appeal of an interim order for custody in the context of a divorce and resulted in the dismissal of the appeal under the above principles. Those principles are applicable regarding the two interlocutory rulings pertaining to temporary custody in this case. In the absence of immediate and irreparable injury to the child, the "proper procedural vehicle" for the Hills following their intervention in this case is for a summary rule for the determination of custody.

Conclusion
Since there is no showing of actual, irreparable harm, the two rulings of the trial court maintaining the temporary custody of Linda Coutee are not appealable judgments under the provisions of La. C.C.P. art.2083. Accordingly, the appeal is dismissed. Costs of the appeal are assessed to the Hills.
APPEAL DISMISSED.
NOTES
[1] La. C.C.P. art.2083 provides in part that "[a]n interlocutory judgment is appealable only when expressly provided by law."
[2] The petition alleges that another minor child of Owens is the subject of a separate proceeding due to the different paternity of that child.
[3] La. R.S. 9:951(A) provides:

A. Parents acting jointly or, in the event of divorce, or separation from bed and board, or illegitimacy, the natural tutor, tutrix, or cotutors acting jointly, may authorize any person of legal age to provide for the care, custody, and control of a minor child.
[4] Additionally, the existence of immediate and irreparable injury to a child affords the special remedy for injunctive relief under La. C.C.P. art. 3945, but that it not the basis of the Hills' action in this matter.