DOWNING, J.
|2Kathy Bridges Suazo appeals a judgment decreeing that she is in contempt, but deferring sentence until she appears before the court, and ordering that her former husband, Dr. Herminio Suazo, be granted temporary custody of their minor child pending a hearing on Ms. Suazo’s arrest for contempt. For the following reasons, we conclude that the judgment appealed is not final and appealable under La. C.C.P. art. 2088. We therefore dismiss Ms. Suazo’s appeal.

Pertinent Facts and Procedural History

Ms. Suazo and Dr. Suazo have a long, contentious history before the trial court regarding the physical custody of their one child. The present matter arises from a contempt rule filed by Dr. Suazo in which he asserted that Ms. Suazo failed to comply with the trial court’s order to allow him scheduled exercise of physical custody. The record reflects that Ms. Suazo was personally served through her attorney of record and ordered to appear for a hearing on June 6, 2008. She did not appear. It is unclear from the record whether her attorney was present for this hearing. The trial court continued the matter and sent notice to Ms. Suazo through her attorney that the matter had been reassigned for July 11, 2008. This notice ordered Ms. Suazo to produce the minor child at the hearing.
*832 Ms. Suazo did not appear on July 11, 2008. Her attorney was present, however, and he offered an affidavit from Ms. Suazo explaining why she did not appear. The trial court denied her attorney’s request for further continuance. The contempt hearing proceeded without objection to the hearing from Ms. Suazo’s attorney. After the hearing, the trial court entered judgment decreeing that Ms. Suazo be found in contempt but deferring sentence “until such time as she is brought before this court”; ordering that Dr. Suazo be “granted temporary physical custody of his daughter, ..., pending a hearing upon [Ms. Suazo’s] arrest for contempt”; ordering a writ of attachment for Ms. Suazo; ordering a civil warrant 13dire cting law enforcement to secure physical custody of the child to her father’s custody, pending further order of the court; and ordering Ms. Suazo to pay all costs.
Ms. Suazo now appeals,[1],[2] asserting as error that the “trial judge was clearly wrong in holding Kathy Bridges Suazo in contempt of court and was clearly wrong in issuing a court order and judgment which exceeded defendant’s prayer for relief, as the trial court clearly made rulings affecting the freedom and welfare of Kathy Bridges Suazo and [their child] without notice and without affording respondent Kathy Bridges Suazo an opportunity to present a defense.”

Discussion

“An interlocutory judgment is appeal-able only when expressly provided by law.” La. C.C.P. art. 2083 C. Here, all of the decrees in the judgment at issue are interlocutory, and we know of no law that expressly provides for their appealability. Nor does Ms. Suazo provide any such authority.

Contempt Finding

While the trial court made a contempt finding against Ms. Suazo, the judgment imposes no sanction and makes no disposition of the charges. The judgment does not speak to the merits of the case, and is therefore an interlocutory judgment As we stated in Succession of Bell, 06-1710, p. 6 (La.App. 1 Cir. 6/8/07), 964 So.2d 1067, 1072, “[a] judgment of contempt of court is an interlocutory judgment, since it does not determine the substantive merits of the case.” See also La. C.C.P. art. 1841: “A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.... A judgment that determines the merits in whole or in part is a final | Judgment.” Additionally, under La. C.C.P. art. 2083 C, an interlocutory judgment is appealable only when expressly provided by law.
Ms. Suazo will be entitled to seek review of all adverse interlocutory judgments prejudicial to her, in addition to the review of the final judgment, when and if she takes an unrestricted appeal from the final judgment. See Dean v. Griffin Crane & Steel, Inc., 05-1226, p. 4 n. 3 (La.App. 1 Cir. 5/5/06), 935 So.2d 186, 189 n. 3.
Further, specification of the sanction imposed is essential before we can review a contempt finding because the sanction determines whether the contempt is civil or criminal and which burden of proof applies. See Rogers v. Dickens, 06-0898, p. 10 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 947: “A contempt proceeding incidental to a civil action is considered to *833 be a civil matter if its purpose is to force compliance with a court order, but is treated as a criminal matter if its purpose is to punish disobedience of a court order.” Accordingly, a contempt finding without imposition of sanctions may not be ripe for review on writ application, either.

Temporary Custody

The trial court’s judgment grants Dr. Suazo temporary physical custody only until Ms. Suazo appears for a hearing. This ruling is an interlocutory judgment because it does not determine substantive merits of the case. La. C.C.P. art. 1841. Provisional custody orders are not appealable. McCarstle v. McCarstle, 521 So.2d 551, 552 (La.App. 1 Cir.1988). See also Coutee v. Hill, 48,292, p. 5 (La.App. 2 Cir. 8/26/08), 978 So.2d 1252, 1255: in dismissing the appeal, the court explained that “a [custody] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.”[3]
|,Jn Coutee, the court held that “the trial court was correct in overruling the ... motion to set aside the temporary custody arrangement and in referring them to the ‘proper procedural vehicle’ for the determination of custody.” Id. The court instructed that the proper procedural vehicle for the “party who objects to such interim order is to seek an immediate trial of his rule for custody.” Id., 43,292 at pp. 5-6, 978 So.2d at 1255. Here, Ms. Suazo’s immediate remedy would be to appear before the trial court so that the trial court could promptly consider the matter.
Further, La. C.C.P. art. 3945 affords the special remedy for injunctive relief on a showing of the existence of immediate and irreparable injury to a child. Id., 43,292 at p. 5 n. 4, 978 So.2d at 1255 n. 4. Ms. Suazo has not sought such injunctive relief. Of course, this court could also grant supervisory writs if circumstances warranted immediate review. No such circumstances were shown in the application for supervisory writs Ms. Suazo filed in connection with the judgment now on appeal.
Additionally, the record suggests that the minor child may have reached the age of majority and may have sought emancipation in California. If so, custody issues may be moot.

Other Decrees

The trial court’s other decrees regarding the writ of attachment for Ms. Suazo and the civil warrant to allow Dr. Suazo to take the child into custody are not final, appealable judgments, either. They do not dispose of any issues on the merits and appear designed to assist the trial court in its exercise of its jurisdiction over this matter.

Decree

LFor the foregoing reasons, we dismiss the appeal of Kathy Bridges Suazo. Costs of this appeal are assessed to Kathy Bridges Suazo.
APPEAL DISMISSED.
McCLENDON, J., concurs and assigns reasons.

. Ms. Suazo also filed a writ application, No. 2008 CW 1977 in September 2008 substantially raising the same issues as she raises here. This court denied writs in November 2008.

. Counsel for Dr. Suazo filed correspondence into the record wherein he recites that pursuant to his client’s wishes, he does not respond in any fashion to this appeal.

. While La. C.C.P. art. 3943 provides that an appeal from a judgment awarding custody "can be taken only within the delay provided in Article 3942.” art. 3943 does not expressly provide that interlocutory judgments of custody are appealable. Rather, it expressly provides for a shortened delay for appeal. Without an express provision of law that an interlocutory judgment of custody is appeal-able, such judgment is not independently appealable. La. C.C.P. art. 2083 C, See Coutee, 43,292 at p. 5, 978 So.2d at 1255, where the court instructs that appeals of interim interlocutory orders regarding temporary custody are governed by art. 2083. See also Trettin v. Trettin, 37,260, p. 8 (La.App. 2 Cir. 3/17/03), 839 So.2d 1272, 1276, to the same effect.