# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2022 CU 1166

## JEANNE VARNER

## VERSUS

## JARROD VARNER

Judgment Rendered: **FEB 2 4 2023**

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 153152

The Honorable Jeffrey C. Cashe, Judge Presiding

| | |
|---|---|
| Wyman E. Bankston<br>Livingston, LA | Counsel for Plaintiff/Appellant,<br>Jeanne Varner |
| Sherman Q. Mack<br>C. Glenn Westmoreland<br>Albany, LA | Counsel for Defendant/Appellee,<br>Jarrod Varner |
| Rebecca Lee<br>Hammond, LA | Counsel for the Minor Children |
| Laura Slocum<br>Livingston, LA | Counsel for the Department of<br>Children and Family Services |

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

**MILLER, J.**

This matter is before us on appeal by Jeanne Varner from a judgment of the trial court maintaining an ex parte custody order in favor of Jarrod Varner. For the reasons that follow, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

In this protracted custody matter, Jeanne and Jarrod Varner shared joint custody of their two minor children, with neither party designated as the domiciliary parent, pursuant to a stipulated judgment dated February 2, 2021. On April 1, 2022, Mr. Varner filed a motion for emergency ex parte relief seeking immediate emergency temporary custody of the minor children pursuant to La. C.C.P. art. 3945(C), and a permanent modification of custody forthwith.[1] The trial court signed an ex parte order awarding Mr. Varner temporary custody of the children and granting Mrs. Varner supervised visitation with the children on Saturdays. The trial court further ordered Mrs. Varner to show cause on April 13, 2022, why Mr. Varner should not be awarded immediate temporary custody and why the current custody plan should not be modified to award Mr. Varner sole custody of the children subject to supervised visitation by Mrs. Varner. The rule was reset twice and ultimately heard by the trial court on May 26, 2022.[2]

Following the hearing, the trial court sustained the ex parte order. On June 22, 2022, the court signed a "Judgment Maintaining Ex Parte Custody Order," which, by its terms, awarded Mr. Varner ex parte custody and awarded Mrs.

---

[1]Prior to the instant motion, it appears from the record that Mr. Varner had also filed "motions for ex parte custody" on September 14, 2020 and April 28, 2021.

[2]According to minute entries, the parties appeared on April 13, 2022 and April 27, 2022, and following "a status with the Court" the matter was reset.

Varner temporary supervised visitation pending the trial date of July 7, 2022.[3] Mrs. Varner now appeals.

## DISCUSSION

Following the lodging of this appeal, this Court, *ex proprio motu*, issued a rule to show cause why this appeal should or should not be dismissed where the judgment appealed maintained an ex parte custody order determining only preliminary matters until a pending trial date of July 7, 2022, and thus appeared to be a nonappealable interlocutory ruling.

In response to the show cause order, Mrs. Varner avers that the observations made by the trial court were determinative of the merits, in part, because the evidence adduced and testimony offered is the same evidence and testimony that would be offered at trial. Mr. Varner contends that the June 22, 2022 judgment maintains an ex parte order of custody *pending* the custody trial, which has not yet taken place, and is an interlocutory ruling in that it does not determine the substantive merits of the case. Mr. Varner thus requests that the instant appeal be dismissed, citing Suazo v. Suazo, 2010-0111 (La. App. 1st Cir. 6/11/10), 39 So. 3d 830, 833 (The trial court's judgment granting temporary physical custody is an interlocutory judgment because it does not determine substantive merits of the case. La. C.C.P. art. 1841. Provisional custody orders are not appealable.).

However, the judgment before us maintains an ex parte award of temporary custody pursuant to La. C.C.P. art. 3945. Louisiana Code of Civil Procedure article 3945, entitled "Incidental order of temporary child custody; injunctive relief; exceptions" provides, in part, as follows:

> B. An ex parte order of temporary custody of a minor child shall not be granted unless:
>
> (1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury will

---

[3]Although the judgment indicates the matter was heard on May 25, 2022, the minute entry and transcript show the matter was heard on May 26, 2022.

3

result to the child before the adverse party or his attorney can be heard in opposition.

\* \* \*

C. An ex parte order of temporary custody shall:

(1) Expire by operation of law within thirty days of signing of the order; however, the order may be extended for good cause shown at any time before its expiration for one period not exceeding fifteen days.

\* \* \*

D. The rule to show cause why the respondent should not be awarded the custody, joint custody, or visitation of the child shall be assigned for hearing not more than thirty days after signing of the ex parte order of temporary custody.

E. Any ex parte order not in compliance with the provisions of this Article is not enforceable, and is null and void.

An ex parte order of temporary custody pursuant to La. C.C.P. art. 3945 expires by operation of law within thirty days of the signing of the order and may be extended for good cause shown before its expiration for one period not exceeding fifteen days. La. C.C.P. art. 3945(C)(1). The remedy for a party who objects to the ex parte order is the La. C.C.P. art. 3945(D) adversarial hearing, after which an appealable final judgment will be entered. Monica Hof Wallace, A Primer on Child Custody in Louisiana, 65 Loy. L. Rev. 1, 26 (2019). With reference to the adversarial hearing, Section (D) provides that the rule to show cause why the respondent should not be awarded the custody, joint custody, or visitation "shall be assigned for hearing not more than thirty days after the signing of the ex parte order of temporary custody." Further, La. C.C.P. art. 3945(E) provides that "[a]ny ex parte order not in compliance with the provisions of this Article is not enforceable, and is null and void."

In the instant case, the April 1, 2022, ex parte order awarding temporary custody to Mr. Varner expired by operation of law, at the latest (assuming a timely extension was granted by the trial court), within forty-five days of its signing. See

4

La. C.C.P. art. 3945(C)(1). Thus, where the judgment had expired by operation of law, it was not enforceable at the time of the May 26, 2022 hearing date.

Furthermore, it was made clear by the trial court that the June 22, 2022 "Judgment Maintaining Ex Parte Custody Order," which resulted from the show cause hearing, was not that judgment provided for in La. C.C.P. art. 3945(D), but instead, was an extension of the original ex parte order signed on April 1, 2022. At the commencement of the hearing, the trial court stated, "This is not the custody trial. This is just the ex parte trial." Again, at the conclusion of the hearing, the trial court noted. "We are coming back to court in about a month and a half ... So this is not going to be a long term schedule."

A judgment maintaining ex parte custody beyond forty-five days is not provided for in La. C.C.P. art. 3945, and is thus not in compliance with its provisions. As such, it is null and void and not enforceable. See La. C.C.P. art. 3945(E). Because the judgment before us on appeal is null and void, the appeal is dismissed. See Brennan's, Inc. v. Colbert, 2013-0943 (La. App. 4ᵗʰ Cir. 9/25/13), 125 So. 3d 537, 541, on reh'g (Nov. 15, 2013), writ denied, 2013-2917 (La. 6/20/14), 141 So. 3d 285 (an appeal cannot lie from an absolutely null judgment). Considering our resolution of the appeal herein, we hereby recall the previous show cause order issued in this matter.

## CONCLUSION

For the above and foregoing reasons, this appeal of the June 22, 2022 judgment maintaining an ex parte custody judgment is dismissed. Costs of this appeal are assessed one-half to the appellant, Jeanne Varner, and one-half to the appellee, Jarrod Varner.

**APPEAL DISMISSED.**

5