NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CW 0201

DEVON ENERGY PRODUCTION COMPANY, L.P.

VERSUS

LOUISIANA DEPARTMENT OF NATURAL RESOURCES AND THOMAS HARRIS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE LOUISIANA DEPARTMENT OF NATURAL RESOURCES

*Judgment Rendered:* **OCT 2 2 2025**

\* \* \* \* \* \* \* \*

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C727086, Section 31

The Honorable Tiffany Foxworth-Roberts, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Liz Murrill<br>Attorney General<br>David A. Peterson<br>Jennifer Wise Moroux<br>Assistant Attorneys General<br>Baton Rouge, Louisiana<br>*and*<br>Blake Canfield<br>Morgan D. Rogers<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>State of Louisiana through the<br>Department of Energy and Natural<br>Resources[1] |
| Esteban Herrera, Jr.<br>Victor J. Suane, Jr.<br>Andre Bellefontaine<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Devon Energy Production<br>Company, L.P. |

---

[1] Although Thomas Harris was named separately as a defendant in his official capacity as Secretary of the Louisiana Department of Natural Resources, he was referenced in conjunction with the Louisiana Department of Natural Resources in the initial petition filed by Devon Energy Production Company, L.P. In the judgment being appealed, the trial court notes that Tyler Gray is the secretary of what is now named the Louisiana Department of Energy and Natural Resources ("LDENR"). Regardless, neither Thomas Harris nor Tyler Gray are parties to this appeal.

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Michael L. Heaton
Baton Rouge, Louisiana

Counsel for Amicus Curiae
The Parish of Cameron

\* \* \* \* \* \* \* \*

BEFORE: McCLENDON, C.J., THERIOT, AND STROMBERG, JJ.

**THERIOT, J.**

The Louisiana Department of Energy and Natural Resources ("LDENR"), appeals the 19th Judicial District Court's ("19th JDC") September 30, 2024 Ruling of the Court. For the following reasons, we convert the appeal to an application for supervisory writs, grant the writ application, vacate the September 30, 2024 Ruling of the Court, and remand this case to the 19th JDC for further proceedings in accordance with this judgment. We further grant LDENR's April 7, 2025 motion to supplement the record.

## FACTS AND PROCEDURAL HISTORY

Devon Energy Production Company, L.P. ("Devon"), through multiple predecessors, conducted oil and gas operations and obtained Coastal Use Permits ("CUPs") at various times between 1974 and 2002 in three oil fields at issue in this matter: Mallard Bay, Crab Lake, and Deep Lake. These oil fields and all associated CUPs are located in Cameron Parish, Louisiana.

Cameron Parish Lawsuits

In 2016, Cameron Parish filed eleven lawsuits ("Cameron Parish Lawsuits") in the 38th Judicial District Court against current and former oil and gas exploration operators in Cameron Parish, including three lawsuits[2] against Devon and other defendants regarding coastal land loss and related CUPs. Cameron Parish alleged that land loss is markedly higher at Mallard Bay, Crab Lake, and Deep Lake because Devon and other defendants engaged in activities that violated their CUPs

---

[2] On January 25, 2024, LDENR filed its combined findings of fact and conclusions of law, listing the following relevant lawsuits:

(1) *Parish of Cameron v. Alpine Exploration Companies Inc., et al*, Suit No. 10-19580 (relating to Mallard Bay);

(2) *Parish of Cameron v. Anadarko E&P Onshore, LLC, et al*, Suit No. 10-19578 (relating to Crab Lake);

(3) *Parish of Cameron v. Burlington Resources Oil & Gas Co., L.P., et al*, Suit No. 10-19575 (relating to Deep Lake).

or the State and Local Coastal Resources Management Act, located at La. R.S. 214.21, *et seq.* ("SLCRMA"). LDENR and the Louisiana Attorney General ("A.G.") subsequently intervened as plaintiffs in the Cameron Parish Lawsuits.

Devon's Letters to LDENR Requesting Declaratory Rulings

While the Cameron Parish Lawsuits were ongoing, Devon sent three letters to LDENR regarding its past operations in the three fields at issue. In these letters – dated July 30, 2019, November 13, 2019, and January 14, 2020 – Devon requested that LDENR issue declaratory rulings that Louisiana's Rules and Procedures for CUPs did not apply to any activity conducted by Devon and/or its predecessors in Mallard Bay Field, Crab Lake Field, and Deep Lake Field.[3] In the alternative, Devon requested that LDENR (1) identify with specificity the violations of the CUPs, statutes, or regulations that LDENR alleges Devon to have committed in each field, and (2) provide a compliance schedule that particularly identifies the actions that Devon must take to come into compliance with those permits, statutes, or regulations within a reasonable time.

LDENR did not respond to Devon's requests. According to LDENR, it chose to intervene in the lawsuits instead because "it was more efficient than instituting potentially thousands of administrative actions for enforcement in these cases." LDENR considers the Cameron Parish Lawsuits to be its enforcement proceedings regarding Devon's CUPs in Mallard Bay, Crab Lake, and Deep Lake.

Devon's Mandamus Action and the 2022 Mandamus Judgment

When LDENR did not respond to Devon's requests, Devon filed a petition for writ of mandamus in the 19th JDC on September 2, 2020, seeking an order requiring LDENR and its secretary, Thomas Harris, to respond to each of those

---

[3] Devon asserts that it sought specific declaratory rulings from LDENR pursuant to LDENR's regulations and Louisiana's Administrative Procedure Act. See La. R.S. 49:950, *et seq.*

requests.[4] On August 24, 2022, following an August 10, 2022 hearing on the matter, the 19th JDC signed a judgment ("2022 Mandamus Judgment") which (1) granted Devon's petition for writ of mandamus; (2) made peremptory an "Alternative Writ of Mandamus and Order" issued on September 3, 2020; and (3) issued a writ of mandamus pursuant to La. Code Civ. P. art. 3861, *et seq.*, ordering and directing LDENR to issue or cause to be issued declaratory rulings or, in the alternative, compliance schedules as sought by Devon in its requests for declaratory rulings submitted on July 31, 2019, November 13, 2019, and January 14, 2020.[5] LDENR did not appeal the 2022 Mandamus Judgment.

Pursuant to the 2022 Mandamus Judgment, LDENR held a public hearing in Cameron, Louisiana on November 14, 2022, which was followed by a public comment period.

LDENR's 2022 Declaratory Order

On December 15, 2022, LDENR issued a Declaratory Order ("2022 Declaratory Order") pursuant to the 2022 Mandamus Judgment. In the 2022 Declaratory Order, the Secretary of LDENR summarized Devon's oil and gas activities in Cameron, as well as the resulting Cameron Parish Lawsuits in which LDENR and the A.G. intervened on the side of Cameron Parish. LDENR asserted that the records submitted by Devon did not address all of the issues raised by the apparent land loss. LDENR further found that there were little to no records of the activities of other operators who worked in the fields at issue, rendering it impossible to allocate responsibility among the various potentially responsible parties. LDENR concluded that it could not "exonerate Devon from responsibility or quantify its relative responsibility, if any" and further could not "determine

---

[4] Devon's September 2, 2020 petition for writ of mandamus was allotted to Judge Wilson E. Fields, Suit No. 699,354, Division 25.

[5] The 19th JDC ordered LDENR to issue its rulings and/or compliance schedules on or before December 14, 2022.

5

effective compliance schedules." As a result, LDENR declared its intent to seek resolution of those issues in the pending Cameron Parish Lawsuits.

Devon's Petition for Judicial Review of the 2022 Declaratory Order and the February 15, 2024 Judgment

On December 27, 2022, Devon filed a petition for judicial review of the 2022 Declaratory Order in the 19th JDC, alleging that the 2022 Declaratory Order violated the 2022 Mandamus Judgment and Louisiana's Administrative Procedure Act.[6] Specifically, Devon alleged that the 2022 Declaratory Order violated its equal protection and due process rights and was made upon unlawful procedure, not supported by a preponderance of the evidence, and arbitrary and capricious.[7]

This matter was set for a bench trial on January 26, 2024.[8] On February 15, 2024, following the bench trial, the trial court rendered judgment ("February 15, 2024 Judgment") in favor of Devon and ordered the Secretary of LDENR[9] "to comply with the final judgment on Writ of Mandamus and issue decree(s) or alternatively compliance order(s) . . . solely relying on the existing record before the Secretary."

In reasons for judgment signed the same date, the trial court stated that Devon was seeking review of a document issued by LDENR that contained no decretal language and further contained no orders issued in response to the 2022 Mandamus Judgment. The trial court returned the matter to LDENR and ordered LDENR to comply with the 2022 Mandamus Judgment and issue a decree or

---

[6] Devon's petition for judicial review of the 2022 Declaratory Order was allotted to Judge Tiffany Foxworth-Roberts, Suit No. 727086, Division 31.

[7] LDENR subsequently filed an application for supervisory writs with this Court as to the denial of exceptions it had raised to Devon's petition. However, LDENR's writ application was untimely and therefore not considered. See *Devon Energy Production Company, L.P. v. Louisiana Department of Natural Resources*, 2023-0678 (La. App. 1 Cir. 9/11/23), 2023 WL 5843576 (unreported).

[8] Although this matter was allotted to Judge Foxworth-Roberts, Judge James E. Kuhn presided ad hoc over the January 26, 2024 hearing.

[9] *Supra*, footnote 1.

6

compliance order. Ultimately, the trial court did not decide any legal issues in the February 15, 2024 judgment.

### LDENR's 2024 Declaratory Ruling

On April 1, 2024, LDENR issued a Declaratory Ruling ("2024 Declaratory Ruling") in response to the February 15, 2024 Judgment. In the 2024 Declaratory Ruling, LDENR ruled as follows: (1) LDENR will not issue compliance schedules; (2) all statutes governing state and local coastal resources apply to Devon's CUPs; (3) LDENR "rules in favor of Devon" and "will not open an administrative enforcement action against Devon at this time"; and (4) LDENR will maintain its intervention in the Cameron Parish lawsuits.

### Devon's April 22, 2024 Motion for Contempt and the September 30, 2024 Ruling of the Court

Relevantly, on April 22, 2024, Devon filed a motion for contempt, alleging that LDENR's issuance of the 2024 Declaratory Ruling did not satisfy or comply with the 2022 Mandamus Judgment or the February 15, 2024 Judgment. Devon asserted that it had filed a petition for judicial review of LDENR's 2024 Declaratory Ruling, which was assigned Docket No. 746842.

Devon's motion for contempt – the only matter set for hearing on this date – was heard by the trial court on August 7, 2024.[10] At this hearing, LDENR argued that Devon's arguments rely on issues centered in the administrative appeal, which has not been substantively resolved. LDENR further asserted that a second administrative appeal was pending.

On September 30, 2024, the trial court issued a judgment ("September 30, 2024 Ruling of the Court") ordering LDENR to issue specific declaratory rulings in response to each item in Devon's Requests within 30 days, ordering Devon to

---

[10] By this date, Judge Foxworth-Roberts had resumed her role as the presiding judge in this matter.

issue a compliance schedule, and deferring a ruling on contempt. Notice of the written judgment was mailed to the parties' counsels on October 2, 2024.

On October 25, 2024, LDENR electronically-filed a motion for suspensive appeal of the September 30, 2024 Ruling of the Court. On November 4, 2024, Devon filed an opposition to LDENR's motion for suspensive appeal, arguing that the September 30, 2024 Ruling of the Court is an interlocutory judgment that is not appealable.[11] Likewise, on March 7, 2025, Devon filed a motion to dismiss the appeal based upon the same argument. LDENR filed an opposition to Devon's motion to dismiss on March 14, 2025.

## MOTION TO SUPPLEMENT

On April 7, 2025, LDENR filed a motion to supplement the appellate record with the written reasons for judgment issued by the trial court in connection with the February 15, 2024 Judgment.

Louisiana Code of Civil Procedure article 2132 provides:

A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

Although appellate courts review judgments, not reasons for judgments, written reasons for judgment are an explication of the trial court's determinations. See *Wooley v. Lucksinger*, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. Accordingly, we grant LDENR's April 7, 2025 motion to supplement the appellate record with the written reasons for judgment associated with the February 15, 2024 Judgment.

## MOTION TO DISMISS APPEAL

In its March 7, 2025 motion to dismiss LDENR's appeal, Devon asserts that the September 30, 2024 Ruling of the Court is an unappealable, interlocutory

---

[11] Devon also asserted LDENR did not appeal the February 15, 2024 Judgment.

judgment. This court's appellate jurisdiction only extends to final judgments. *Jones v. Fogg*, 2024-1048 (La. App. 1 Cir. 5/30/25), 413 So.3d 580, 583, <u>reh'g</u> <u>denied</u>, Aug. 6, 2025. A final judgment is appealable in all cases in which appeals are given by law, while an interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083; *Jones*, 413 So.3d at 583. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of the action, while a final judgment determines the merits in whole or in part. La. Code Civ. P. art. 1841; *Jones*, 413 So.3d at 583.

The September 30, 2024 Ruling of the Court does not determine the substantive merits of the case and is therefore an interlocutory judgment. <u>See</u> *Suazo v. Suazo*, 2010-0111 (La. App. 1 Cir. 6/11/10), 39 So.3d 830, 832. The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. La. Code Civ. P. art. 2201; *Prepotente v. Williams*, 2024-0906 (La. App. 1 Cir. 2/21/25), 406 So.3d 641, 643. When a party improperly appeals a non-appealable interlocutory judgment, this court has discretion to convert that appeal to an application for supervisory writs; however, this court may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Prepotente*, 406 So.3d 643. A supervisory writ application must be filed within thirty days of the notice of judgment. <u>See</u> Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3; *Prepotente*, 406 So.3d 643.

When an interlocutory judgment is rendered in open court, its rendition constitutes notice to all parties, unless certain exceptions apply. La. Code Civ. P. art. 1914(A); *Prepotente*, 406 So.3d 643. The pertinent exceptions are if the trial court orders that an interlocutory judgment be reduced to writing, or if the trial court takes the interlocutory matter under advisement, or if a party requests that the interlocutory judgment be reduced to writing within ten days of its rendition in open court. La. Code Civ. P. art. 1914(B); *Prepotente*, 406 So.3d 643. In such

9

cases, the interlocutory judgment shall be reduced to writing, the trial court clerk shall mail notice of the written judgment to each party, and the 30-day delay for filing a writ application begins from the date of the mailing of the notice. See La. C.C.P. art. 1914(B); Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3; *Prepotente*, 406 So.3d 643-44.

In the instant case, notice of the written judgment was mailed on October 2, 2024. LDENR filed a motion for suspensive appeal on October 28, 2024, which is within 30 days of the mailing of the notice of written judgment. Because the appeal would have been timely had it been filed as a supervisory writ application, this Court has discretion to convert the appeal to an application for supervisory writs. See Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3; *Prepotente*, 406 So.3d 643. Accordingly, we exercise our discretion to convert the appeal to an application for supervisory writs.

The only matter set for hearing on August 7, 2024 was Devon's motion for contempt. Rather than rule on the motion for contempt, the trial court issued a number of orders regarding certain declaratory rulings to be issued by LDENR and a compliance schedule to be issued by Devon. Being that the motion for contempt was not addressed by the trial court, we vacate the September 30, 2024 Ruling of the Court and remand this matter for a contempt hearing.

**DECREE**

For the above and foregoing reasons, we convert the appeal of the September 30, 2024 Ruling of the Court filed by the Louisiana Department of Energy and Natural Resources to an application for supervisory writs. We grant the writ application, vacate the September 30, 2024 Ruling of the Court, and remand the matter to the trial court for a contempt hearing. We also grant the April 7, 2025 motion to supplement the record filed by the Louisiana Department of Energy and Natural Resources. Costs of the appeal in the amount of $5,110.00 are

10

to be split equally by the parties, with 50% of appeal costs being assessed to the Louisiana Department of Energy and Natural Resources, and 50% of appeal costs being assessed to Devon Energy Production Company, L.P.

**MOTION TO SUPPLEMENT GRANTED; APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; WRIT GRANTED; SEPTEMBER 30, 2024 RULING OF THE COURT VACATED; REMANDED TO THE DISTRICT COURT WITH INSTRUCTIONS.**