# STATE OF LOUISIANA

## COURT OF APPEAL, FIRST CIRCUIT

DEVON ENERGY PRODUCTION
COMPANY, L.P.

VERSUS

LOUISIANA DEPARTMENT OF
NATURAL RESOURCES AND THOMAS
HARRIS, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE
LOUISIANA DEPARTMENT OF
NATURAL RESOURCES

NO. 2026 CW 0504

JUNE 15, 2026

---

In Re: Louisiana Department of Natural Resources, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 727086.

---

BEFORE: WOLFE, HESTER, AND BALFOUR, JJ.

**WRIT DENIED.** The district court's February 9, 2026 judgment rendered a finding of contempt, but deferred the determination of sanctions. Although La. Code Civ. P. art. 1915(A)(6) provides that a judgment imposing sanctions is an appealable judgment, specification of the sanction imposed is essential before this court can review a contempt finding because the sanction determines whether the contempt is civil or criminal and which burden of proof applies. See **Suazo v. Suazo**, 2010-0111 (La. App. 1st Cir. 6/11/10), 39 So.3d 830, 832. A contempt finding without imposition of sanctions may not be ripe for review on writ application, either. **Id.** at 833. Once sanctions for the contempt finding are determined, such a judgment will constitute a final, appealable judgment, and relator will be entitled to file a motion for appeal therefrom in accordance with applicable law. See **Capital City Press, LLC v. Louisiana State Univ.**, 2013-1994 (La. 8/28/13), 120 So.3d 250 ("Insofar as relator is aggrieved by the August 14, 2013 judgment imposing sanctions for contempt, it has an adequate remedy by suspensive appeal."), citing La. Code Civ. P. art. 1915(A)(6).

EW
CHH
KEB

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT